## SPAIN vs. HOWE.

ACTION FOR MALICIOUS PROSECUTION : *Malice and want of probable cause must concur* — *Evidence of malice* — *Separate instruction as to evidence of malice.* — INSTRUCTIONS : *To be construed with reference to the facts in evidence and questions in dispute.*

1. In an action by A. against B. for a malicious prosecution, A. must show that B. brought his suit, not only with malice (*i. e.*, for a purpose not contemplated by the law in authorizing such a suit), but also without probable cause.
2. In such action the court may instruct the jury in a separate proposition as to what will constitute evidence of malice, if it elsewhere instructs them that want of probable cause must also be shown.
3. Any facts which will be evidence of malice where there was a want of probable cause, will be evidence of malice in any case.
4. Thus, the suit of B. having been for an alleged trespass of A. in cutting grain on B.'s land (of which A. was in possession), it was not error, in the action by A., to instruct the jury that "if B., without any cause of action *in fact*, caused A. to be arrested and taken away from the possession, for the purpose of going on himself, and taking possession of the grain while A. was held under arrest, and if B. had no right to the possession, this conduct on his part was unlawful, and an evidence of malice."
5. Nor was it error to instruct the jury that if B. had no cause of action, but prosecuted his said suit "to secure *private* and *ulterior* benefits," this was conclusive evidence of malice; since the jury must, in the present case, have understood the words quoted as meaning *secret purposes*, which B.'s suit itself had no tendency to disclose, and purposes beyond those for which such a suit may legitimately be brought.

APPEAL from the Circuit Court for *Columbia* county.

Action to recover damages for an alleged malicious prosecution. The essential facts will appear from the opinion. The court gave the jury, at plaintiff's request, the two instructions set forth in the opinion; and further instructed them, in substance, as follows:

"To entitle the plaintiff to recover, three things must be established: First, the alleged malicious prosecution must have been without probable cause; secondly, it must have been malicious; thirdly, it must have terminated in favor of the plaintiff. No question is made that it has so terminated. The question to be determined then is, Was it without probable cause, and maliciously done? Should you find that Smith was tenant of *Howe*, or in possession of the land under an agreement to work it and deliver *Howe* his half in the half-bushel (even though he had not in all things kept his agreement during the time he had been in possession for the second year of his tenancy), and that he sowed the grain, there was hardly probable cause for suing him, and those employed in helping him, as trespassers. In relation to *Howe's* claim that he had purchased Smith's interest in the grain at the sale on execution against Smith, if you find, as I understand *Howe* to state, that he only supposed he was getting Smith's interest, subject to the mortgage [to plaintiff], and therefore bid the small amount he did for so large an amount of property; and if you should further find that at the time of the sale *Spain* was there and notified him of the mortgage, and forbade the sale, and that, at the time of the alleged trespass, *Howe* found the mortgagee, this plaintiff, in possession, cutting the grain, with the help of the mortgagor and others — he had not probable cause for arresting them for trespass. You will see that I have not absolutely charged you that there was not probable cause for the arrest, but have told you that if you find the existence of such facts, such as tenancy, and the possession of

the plaintiff as mortgagee, and the other facts to which I have called your attention, then there was not probable cause.

"I now come to the second point — the question of malice. Should you find, after considering all the facts and circumstances, that *Howe* prosecuted the parties he did in good faith, believing that he had the cause of action for which he prosecuted, you would have to consider the fact so found as bearing on the question of malice. And if you believe, in the light of all the proof, that he prosecuted for the purpose of enforcing a supposed claim, and not to gain an undue advantage in relation to other matters, you can hardly find malice. * * Did he prosecute with malice, without either probable cause, or supposing he had a cause, of action, and for the purpose of harassing, vexing or making the defendants in that action costs and trouble, or to get an undue advantage in their absence in getting possession of the grain? If you find he did, then you will give a verdict for the plaintiff; if he did not so prosecute, then your verdict will be for the defendant."

Verdict and judgment for the plaintiff; and defendant appealed.

*I. Holmes* and *G. C. Prentiss*, for appellant.

*Hopkins & Foote*, for respondent.

PAINE, J. This action was for a malicious prosecution. One Smith was in possession of a farm belonging to the defendant, and had raised a crop upon it. He had occupied it the previous year as tenant, and claimed to have made a parol agreement with the defendant for another year. There was some dispute upon this point, as to the terms of the renewal, and as to whether Smith had complied with the arrangement on his part. But there was no dispute as to the facts that he had occupied the previous year as tenant, and had held over, was still in possession, claiming the rights of a tenant, and had

raised the crops in question. He had mortgaged his interest in them, while they were growing, to *Spain;* and just as he and *Spain* began to cut the grain, the defendant caused them to be arrested on a civil warrant from a justice of the peace about six miles distant, for an alleged trespass in attempting to cut it.

The plaintiff claimed that there was no probable cause for instituting the suit—that it was done solely for the purpose of getting the parties arrested away from the grain, so that the defendant could take possession of it himself, and was, therefore, malicious. The plaintiff, under the rulings of the court, had a verdict; and the appellant complains, principally, of the first and second instructions asked by the plaintiff, which were given. They were as follows: 1. "If the jury should find from the facts that the defendant *Howe,* without any cause of action in fact against the defendants, caused them to be arrested and taken away from the possession, for the purpose, and with the intent, to go on himself and take possession of the grain while they were held under such arrest, and in that way get into possession of it, and that he had no right to the possession, such conduct and actions of the defendant in this suit were unlawful, and an evidence of themselves of malice." 2. "If you should find that there was no cause of action for which the suit was prosecuted (in which the plaintiff *Spain* and others were arrested), and that it was prosecuted by *Howe* to secure private and ulterior benefits, it is conclusive evidence of malice, and the plaintiff is entitled to recover, if the plaintiff has shown to your satisfaction a want of probable cause."

It is said that the first of these instructions is erroneous, because it submits to the jury the question whether there was a want of a cause of action in fact, in the suit instituted before the justice, and not whether there was a want of probable cause. It would have been erroneous

for this reason, if it had told the jury, that, upon the facts contained it, the plaintiff was entitled to recover. But it did not so tell them. On the contrary, it was confined to the single purpose of telling them what would be evidence of malice. It may be entirely proper to limit particular instructions in this manner to a single point, although there may be other points in the case. And if they correctly declare the law as to such single point, without professing to go beyond that and to cover the whole case, they cannot be held erroneous for that reason. It cannot be necessary to state all the law applicable to the case in every instruction.

That the use of civil process for the purposes mentioned in that instruction would be malicious, whether the party had a cause of action or not, there can be no doubt. It is true, that if he had a cause of action, or even probable cause to sue, he might not render himself liable to an action for malicious prosecution; because, to sustain that, it is necessary not only that there should be malice, but also a want of probable cause. But if the fact that the suit was instituted for those ulterior purposes would be evidence of malice if there had been a want of probable cause, it is equally so though probable cause existed. Its effect as mere evidence upon that subject must be the same in either case. It was not necessary for the instruction to limit such effect to the contingency that there was no cause of action. The same facts would have had the same effect as mere evidence on the subject of malice, with or without a cause of action.

The general phrase in the instruction, "that such conduct and actions of the defendant in this suit were unlawful," I think was intended and understood by the jury to have reference only to the ulterior purposes mentioned. It meant that those were purposes not sanctioned and approved by the law in bringing any suit, and that they were therefore evidence of malice. The whole instruction is qualified, limited and explained, if it needed explanation, by

the last clause in it, which states all the effect which the facts mentioned would have. They would merely show malice.

The first part of the second instruction is substantially a repetition of the first in a general form. Instead of specifying the purposes, it characterizes them as "private and ulterior." This language is objected to. It is said that every suit brought by private parties is for private purposes, and that it is often for purposes beyond the mere judgment recovered, as, to prevent a repetition of the injury ; and that, therefore, the purposes of a suit may properly be both private and ulterior. This is undoubtedly true as an abstract proposition. But it is very evident that the word "private," as used in this instruction, did not refer to individual interests or purposes as distinguished from public, but that it meant *concealed*, and referred to *secret* purposes which the suit itself had no tendency to disclose. And so the word "ulterior" did not relate to all purposes beyond the mere judgment sought to be recovered, but to all those purposes beyond and ulterior to any legitimate and proper purposes for which a suit might be brought. As applied to the evidence in the case and the questions which were raised upon it and discussed before the jury, this meaning was so obvious that there could have been no misunderstanding upon their part.

The last part of this instruction illustrates the correctness of the interpretation already put upon the first. After going over the same ground again, and telling the jury what would be evidence of malice, it adds: "And the plaintiff is entitled to recover, *if the plaintiff has shown to your satisfaction a want of probable cause.*"

This shows clearly that whenever the court attempted to cover the entire ground of the plaintiff's cause of action, the necessary element of want of probable cause was included. And its necessity was also distinctly explained to the jury in several other portions of the

charge, so that it leaves no room to suppose that they could have had any misunderstanding upon that point.

I see no error in any of the other instructions. The questions, whether there was malice, and whether there was want of probable cause, were fairly submitted to the jury. They were repeatedly informed that both must concur, to sustain the action. The explanations as to what would or would not show malice or probable cause were adapted to the facts which the evidence tended to prove, and the different constructions which the jury were at liberty to put upon it. They were correct, and fair to both parties. The judgment should be affirmed.

*By the Court.*— Judgment affirmed.