JESSE HOLLIDAY, Respondent, *vs.* ALBERT N. STERLING, *et al.*,
Appellants.

1. *Malicious Attachment—Malice, how shown.*—In an action for malicious at-
tachment, express malice need not be shown. And malice may be inferred
from want of probable cause. And whether the proof is sufficient to establish
malice is a question for the jury under appropriate instructions.

*Appeal from St. Louis Circuit Court.*

*Bell & Thompson,* for Appellants, cited Alexander vs.
Harrison, 38 Mo., 258.

*H. D. Laughlin & John A. Harrison,* for Respondent,
cited Drake Attach., § 87 ; 8 Porter, 250 ; 18 Wend., 611 ; 7
Barb., 656 ; Walser vs. Thies, 56 Mo., 89 ; Hall vs. Luydam,
6 Barb., 83 ; Hill. Torts, 431 ; Morris vs. Corson, 7 Cow.,
281 ; 2 Greenl. Ev., 454 ; 1 Hill. Torts, 428, § 16 ; Nichol-
son vs. Coghill, 43 B. & C., 21 ; Burhans vs. Sanford, 19
Wend., 417 ; Webb vs. Hill, 1 Moody & Malkin, 253 ; Wil-
liams vs. Taylor, 6 Bing., 183.

WAGNER, Judge, delivered the opinion of the court.

This case was an action for a malicious attachment, and it
appears from the record, that the defendants brought the suit
against the plaintiff in the name of one Toll, for a balance of
five hundred dollars alleged to have been due on a promis-
sory note. Before a trial was had, they dismissed the pro-
ceedings. The petition in this case averred, that the defend-
ants were not employed nor authorized by Toll to bring the
suit, and that the note, on which it was founded, was paid
off. In their answer the defendant set up, that Toll did au-
thorize and employ them to bring the suit.

Toll was examined as a witness, who stated that the note
was paid shortly after it became due, and that he did not know
the defendants, had no acquaintance with them, and never em-
ployed them to commence the action. Defendants both tes-
tified that Toll did not employ them, but the note was handed

to them by some other person, and that they had no malice or unfriendly feeling against the plaintiff.

Upon this evidence, the court, at Special Term, declared that the plaintiff could not recover. Plaintiff then took a nonsuit, and the court refusing to set the same aside, an appeal was taken to the General Term, where the judgment was reversed, and the defendants have brought the case here.

· We think the trial court clearly erred. It is true the plaintiff showed no express malice on the part of the defendants, nor was such proof necessary. It may be inferred from want of probable cause, and the whole question should be submitted to the jury under proper instructions, and they may look at all the circumstances in making up their verdict.

The case should have been submitted to the jury, where all the facts and circumstances could have been taken into consideration, and the judgment at General Term will be affirmed. All the judges concur, except Judge Vories, who is absent.