Collins, Appellant, vs. Shannon, Respondent.

*November 24 — December 14, 1886.*

*(1, 3) Immaterial errors: Ruling on evidence not introduced: Failure to give instruction not asked for. (2) Wrongful attachment: Burden of proof: Want of probable cause: Malice.*

1. An erroneous ruling that certain evidence was admissible is immaterial if the evidence was not in fact introduced.
2. In an action for a wrongful attachment the plaintiff must show malice as well as a want of probable cause for suing out the attachment. But want of probable cause, clearly proved, may be *prima facie* evidence of malice.
3. A failure to instruct the jury that a certain fact was established by the evidence cannot be alleged as error when no such instruction was asked and no exception taken because it was not given.

APPEAL from the Circuit Court for *Portage* County.

The case is stated in the opinion.

The cause was submitted for the appellant on the brief of *Cate, Jones & Sanborn,* and for the respondent on that of *Raymond & Haseltine.*

TAYLOR, J.    The substantial allegations of the complaint in this action are:

(1) That on the 12th of January, 1884, the plaintiff, *William Collins,* was the keeper of a grocery store in the city of Stevens Point.

(2) That on that day the defendant, wrongfully designing and intending to harass and annoy the plaintiff in his feelings and to injure him in his said business, made an affidavit before a justice of the peace of said county, in an action in which the defendant was plaintiff, and the plaintiff in this action and one W. H. Collins were defendants, for an attachment in such action, charging that the said defendants were indebted. to him in a sum exceeding five dollars, and alleging that he has good reason to believe that the defendants were about fraudulently to convey and dispose of their property so as to hinder and delay their creditors.

(3) That upon such affidavit he caused a writ of attachment to be issued in said action against the property of the defendants, and caused the sheriff to whom such attachment was delivered to seize the goods and stock of this plaintiff to satisfy the sum of $35 and the costs of the action, by reason of which he was put to great expense for counsel fees and loss of time, and by which he was greatly injured and harassed in his feelings, etc., and his credit and reputation as a merchant were injured to a great extent, and by reason of all which the plaintiff was damaged to the amount of $1,000.

(4) That, at the time of making said affidavit and the issuing of said attachment, the defendant well knew that no

such firm as W. H. Collins & Co. was in existence; that said firm had no property in the county, or in any county, liable to attachment, and that said affidavit was made and attachment issued for the sole purpose of having it levied upon the property of the plaintiff and with the design of doing the plaintiff an injury; that the attachment was not served upon W. H. Collins, and no judgment was rendered against him thereon, although he resided in said county and city and had property liable to execution.

(5) That the defendant well knew that the statements contained in said affidavit were false and entirely without foundation; that defendant had no reason to believe that Collins & Co. or W. H. Collins or *William Collins* were about fraudulently to convey and dispose of their property and effects so as to hinder and delay their creditors; but said affidavits were made, and the whole proceedings had, as hereinbefore set forth, for the sole purpose of annoying and injuring the plaintiff and of inducing and compelling plaintiff to pay defendant's demand, against right and justice.

(6) That the plaintiff was not, at the time when such attachment was issued, indebted to the defendant in the sum of $35 or in any sum whatever; that he was not, at that time or any other time, a member of the firm of W. H. Collins & Co.; and, so far as plaintiff's knowledge extends, no such firm ever existed or did business in the city of Stevens Point.

(7) That all the allegations in said affidavit for an attachment were false, and he was not about to convey and dispose of his property as set forth therein; and demands judgment for the sum of $1,000, and costs.

The defendant answered by denying all the material allegations of the complaint. On the trial the jury returned a verdict for the defendant.

It will be seen by an examination of the complaint that

the plaintiff, as his grounds of action, alleges that the defendant, knowing that the plaintiff was not indebted to him in any sum whatever, and for the purpose of compelling him to pay him money not due to him, wrongfully commenced this action for the purpose of harassing him, etc.; and, *secondly*, that he sued out an attachment in such action knowing that no reason for issuing an attachment existed. On the trial of the action the first ground of action failed entirely, as the evidence showed that the defendant recovered the amount he claimed against the plaintiff in said attachment action. The only possible ground for recovery on the part of the plaintiff remaining was that the attachment was sued out without any lawful right or cause for suing out the same.

There were but two exceptions taken by the appellant upon the trial. The one was to the introduction of evidence on the part of the defendant, and the other to a part of the instructions given to the jury by the learned circuit judge.

The objection to the evidence, as shown by the record, is as follows: On the part of the defendant: "We offer in evidence the judgment roll and judgment of both justice and circuit courts in the case of *John Shannon* against *William Collins*. [Objected to as to the evidence taken in the justice's court.] *Counsel for the defendant:* I offer to disprove malice. [Objection overruled, and exception by plaintiff.]" An examination of the bill of exceptions, as settled by the court, does not disclose the fact that the evidence taken in the justice's court was given in evidence on the trial of this action; and, as the judge has certified that the bill of exceptions contains all of the evidence given on the trial, the plaintiff could not have been prejudiced by a ruling of the court under which no evidence was offered, admitting that such ruling was erroneous,— a question which we do not pass upon.

The part of the instructions given to the jury to which exception was taken, reads as follows: "The mere fact that the plaintiff was not in fact indebted to the defendant, or that he was not in fact about fraudulently to dispose of his property, does not make the defendant liable for damages; but if the defendant, however erroneously, yet honestly and in good faith, believed that the plaintiff owed him and was about to dispose of his property with intent to hinder and delay his creditors, he had a right to make the affidavit mentioned, and thereupon use the writ of attachment in an honest effort to collect an honest debt."

There was a general exception to the entire paragraph. It is very clear that the first proposition stated in said instruction is good law. Although the allegations in the complaint are not precisely such as are used in an action for malicious prosecution, we think the rules applicable to such action should be applied to this, and the burden of proof must be on the plaintiff to show both a want of probable cause and malice on the part of the defendant in instituting and prosecuting his action.

If the plaintiff had simply proved that he was not indebted to the defendant, and that he was not in fact about fraudulently to dispose of his property when the defendant brought his action against him and sued out his attachment, he would have failed to make a case. The plaintiff took this view of the case on the trial, and, in making out his case, not only gave evidence tending to show that he was not indebted to the defendant and that he was not about fraudulently to dispose of his property, but he also introduced evidence tending to show that the defendant knew these facts when he commenced his action. All the cases hold that the burden of proof is on the plaintiff to show both the want of probable cause and malice. *Spain v. Howe,* 25 Wis. 625, 628, 629; *Sherburne v. Rodman,* 51 Wis. 474, 479; *McKown v. Hunter,* 30 N. Y. 625. There was no error,

therefore, in the first clause of the instructions excepted to. It is insisted that the last part of the instructions excepted to is erroneous, because it places the justification of the defendant upon the fact of his belief that the plaintiff owed him and that he was about to dispose of his property with intent to defraud his creditors.

When there is clear proof of want of probable cause for the institution of a prosecution in a criminal action, or for the issuing of a writ of attachment in a civil action, such want of probable cause may be *prima facie* evidence of malice. Still, in such case, the presumption of malice may be rebutted by the evidence. And when the proof of want of probable cause is of a doubtful character, so that the question must be left to the jury, it seems to us there is no error in instructing the jury that if they find that the defendant honestly and in good faith believed that the plaintiff was guilty of the offense charged, or, in an action for wrongfully issuing an attachment, that he honestly and in good faith believed that the plaintiff was about fraudulently to dispose of his property so as to defraud his creditors, they should find for the defendant; because, if they so find, it will clearly be a finding that the act was not done maliciously, and so the plaintiff should fail in his action. *Dietz v. Langfitt,* 63 Pa. St. 234, 240; *Flickinger v. Wagner,* 46 Md. 581, 603; Cooley on Torts, 185; *Vanderbilt v. Mathis,* 5 Duer, 304.

In the last case cited the court say: "Malice must be proved. There is no theoretical malice which can satisfy this rule, and which can co-exist with the established fact that the prosecution was instituted in an honest belief of the plaintiff's guilt and with no other motive than to bring the offender to justice. The question of malice may be a turning-point of the controversy in an action of this nature. The want of probable cause may be shown, and yet, upon the whole evidence in any given case, it may be a fair

question for the determination of the jury whether the defendant was actuated by malice."

Upon the subject of the necessity of proving malice as well as the want of probable cause in actions of this character, see, also, *Bulkeley v. Smith*, 2 Duer, 271; *Wiggin v. Coffin*, 3 Story, 1; *Vanduzor v. Linderman*, 10 Johns. 106; *Merriam v. Mitchell*, 13 Me. 439; *Mowry v. Whipple*, 8 R. I. 360; *Cooper v. Utterbach*, 37 Md. 282; *Harpham v. Whitney*, 77 Ill. 32, 41; *Holliday v. Sterling*, 62 Mo. 321; *Ewing v. Sanford*, 19 Ala. 605, 615; *Harkrader v. Moore*, 44 Cal. 144, 153; *Paukett v. Livermore*, 5 Iowa, 277.

It is insisted by the learned counsel for the appellant that the court should, under the testimony, have instructed the jury, as a matter of law, that there was an absence of probable cause for the attachment. It is a sufficient answer to this allegation of error that no such instruction was asked by the plaintiff, and no exception taken because such instruction was not given. Upon the trial, both parties, by their silence, consented that this question should be submitted to the jury, as well as the question of malice and damages.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.