Lauterbach vs. Netzo.

LAUTERBACH, Plaintiff in error, vs. NETZO, Defendant in error.

*September 5 — September 24, 1901.*

*Appeal and error: Printed case: Malicious prosecution: Evidence: Cross-examination of party: Objections: Sufficiency: Refusal to reopen case: Discretion: Court and jury.*

1. Where the most important question raised on a writ of error was whether the court erred in directing a nonsuit, the printed case should contain an abstract of the evidence of all the witnesses whose testimony has a substantial bearing upon the plaintiff's contentions.

2. Where, in an action for malicious prosecution of plaintiff on the charge of disposing of mortgaged property, plaintiff testified that the mortgage debt had been paid, it was proper, on the cross-examination, to allow defendant to bring out the fact that a judgment had been rendered determining that said debt had not been paid, and to admit, as a part of the cross-examination, the record of the action in which such judgment was rendered.

3. An objection made to the introduction of a record in evidence, on the ground that the whole of it was not offered, is not available on appeal where, when asked by the trial court what parts of the

record had not been offered, appellant specified none, and where the record as offered is not brought before this court in the bill of exceptions.

4. Refusal of the trial court to reopen the case for further examination of the plaintiff with reference to a transaction between her and the defendant tending to show malice, on the ground that ample opportunity to obtain the desired information had been already given and that the attempt had been fruitless, is *held*, under the circumstances of this case, to have been a proper exercise of discretion.

5. Where the evidence is so uncertain and confused as to render the proper inferences extremely doubtful, the decision of the trial court is entitled to some weight in determining the correctness of of its ruling in taking the case from the jury.

Error to review a judgment of the circuit court for Columbia county: R. G. Siebecker, Circuit Judge. *Affirmed.*

The plaintiff in error brought action in the circuit court against the defendant in error to recover damages for alleged malicious prosecution. It appeared upon the trial in the circuit court that on the 14th of October, 1897, the plaintiff executed to the defendant a chattel mortgage covering four head of cattle to secure the payment of a note of $50; that in October, 1899, the defendant, accompanied by the undersheriff of the county, demanded from the plaintiff possession of the mortgaged cattle, and that the plaintiff refused to deliver possession of the cattle, on the ground that the mortgage had been paid. The plaintiff also testifies that at the same time she told the undersheriff that she did not have the cattle. Thereupon the defendant made complaint before a justice of the peace, and caused the arrest of the plaintiff upon a warrant charging her with selling and disposing of mortgaged property. Upon the hearing of this prosecution before the justice the plaintiff was discharged. After this discharge the defendant sued the plaintiff on the $50 note secured by the mortgage, and before the trial of the present action secured judgment against the plaintiff thereon, notwithstanding the

Lauterbach vs. Netzo.

defense of payment which was made by the plaintiff in that action. It further appears from the evidence that in July, 1898, one Theil purchased two heifers of the plaintiff, and the evidence of the plaintiff and of Theil tends to show that before this sale the defendant had consented that the plaintiff might sell the cattle covered by the mortgage. The plaintiff claims that one of the heifers so purchased by Theil was one of the mortgaged cattle. The defendant admitted that he gave Theil permission to purchase certain cattle of the plaintiff, but that this permission did not cover any of the cattle included in the $50 mortgage, it being claimed by him that there were other mortgages which he held against the plaintiff, and that the cattle, the purchase of which he consented to, were cattle covered by another mortgage. The testimony of the plaintiff is somewhat confused, and in answer to one question upon cross-examination she practically admits that when the undersheriff came with the mortgagee she told him that she did not have the cattle; that they were sold. There was no evidence of any ill-will or differences between the parties prior to the arrest. At the close of the plaintiff's evidence a nonsuit was granted, and from judgment thereon the plaintiff sued out a writ of error.

For the plaintiff in error there was a brief by *C. C. Murphy*, attorney, and *Rublee A. Cole*, of counsel, and oral argument by *Mr. Cole*.

*Daniel H. Grady*, for the defendant in error.

WINSLOW, J. The printed case entirely fails to comply with Rule VIII of this court. It does not contain anything approaching a complete abstract of " so much of the record . . . as may be necessary to a full understanding of the questions presented for decision." It omits the testimony of some important witnesses entirely, and gives only isolated fragments of the testimony of other witnesses. The judg-

ment below being a judgment of nonsuit, and the most important question here raised being whether the court erred in directing a nonsuit upon the evidence, it is manifest that the case should, under the rule, contain an abstract of the evidence of all the witnesses whose testimony had a substantial bearing upon the plaintiff's contentions. Had the case been complete, or approximately so, it would have contained considerably more than twenty pages, and would, under the rule above cited, be required to contain an alphabetical index; but, owing to the fact that only fragments of the record are printed, the case contains only twenty pages, and the index has been omitted. No sufficient reason was given for these violations of rule, and we might, perhaps, be justified in refusing to consider the errors urged, but we have concluded to briefly consider them as they appear upon examination of the record, although that course has involved considerable labor which would have been unnecessary had the rule been complied with.

1. The plaintiff, as a witness on her own behalf, testified, in substance, that the mortgage in question had been paid. Upon her cross-examination the defendant was allowed to prove, against objection and exception, that an action upon the note had been brought against her by *Netzo* after the arrest and discharge, and that the action was tried and had gone to judgment at the last preceding term of the same court in which the present action was on trial. After thus having identified the action, the defendant offered in evidence as a part of the plaintiff's cross-examination the complaint in said action, the answer, the verdict, the judgment, and the note and mortgage. Upon this offer being made, the plaintiff objected, "for the reason that the whole record is not offered in evidence." Upon this the court asked, "What portion of the record is objected to as not offered?" and plaintiff's counsel replied, "Every part that is a part of the record upon such an offer we are entitled to have in

Lauterbach vs. Netzo.

evidence in order to have the record complete." He then, without specifying what parts of the record were omitted, made a number of further objections upon the ground that there had been no proper identification of the note and mortgage or of the judgment roll, that the note and mortgage were not a part of the judgment roll, that the whole evidence was incompetent, immaterial, and not proper cross-examination, and upon other grounds not deemed essential to state. The objections were overruled, and the papers received, and these various rulings are now alleged as errors.

The general rule is that the cross-examination of a witness should ordinarily be confined to matters brought out on the direct examination, but that, in the discretion of the court a broader range of cross-examination may properly be allowed in the case of a witness who is also a party. *Sullivan v. Collins*, 107 Wis. 291. In the present case it seems to be the fact that the witness, who was also the plaintiff in the case, had testified that the note had been paid upon her direct examination, and, if this be so, then the fact that a judgment had been rendered in a court of competent jurisdiction, determining that the note had not been paid, is clearly a fact tending to directly contradict her, which may, under strict rules of evidence, be brought out on cross-examination. The objection made to the introduction of the record on the ground that the whole of it was not offered cannot be urged here. No proper ground has been laid for it. When asked by the court what parts of the record had not been offered, the counsel specified none. It was his duty to be specific when the inquiry was thus made. Had any particular paper been specified, doubtless it would have been included in the offer and received. The record, as offered, has not been presented to this court in the bill of exceptions, and hence we are unable to say that any material part of the record was not offered. The other objections made do not appear to us as of sufficient substance to merit treatment by this court.

Lauterbach vs. Netzo.

2. Error is alleged because of a ruling of the court which was made just at the end of the plaintiff's case. The plaintiff was evidently a woman of foreign birth, who comprehended with difficulty the questions put to her, and frequently made answers which, either from design or ignorance, were not responsive to any question. She was examined and cross-examined and recalled to the stand two or three times, each examination being protracted and attended with difficulties which must have severely taxed the patience of the trial court. We are bound to say, after examination of the record, that the trial judge seems to us to have been very patient and considerate under the repeated and protracted efforts to extract information from a witness who was either perverse or hopelessly obtuse and incapable of understanding. At last, at the very close of the plaintiff's evidence, and after the case had once been rested, her counsel said that he wished to call her again for the purpose of showing by her, on the question of malice, the personal altercation which took part between *Mr. Netzo* and her before her arrest. After some conversation between court and counsel, the counsel said, "But we have been prevented all the time from showing the trouble that was had between her and this man prior to the arrest, and I think that under the rule I ought to be allowed to." In answer to this the trial judge said: "In respect to that, so the record won't be misleading, the court has given you all the opportunity that it possibly could to have the witness examined, and you tried to get answers, and she gave you none. Do not lay that to the court. It is not the court's fault if you cannot prove your case. Any further proof in this case?" To this counsel replied, "I would like the privilege of showing the transaction between the parties which took place before a witness," and the judge said, "No privilege has been denied you that you are legally entitled to," and to this remark the plaintiff excepted.

Lauterbach vs. Netzo.

It will be noticed that counsel asked to introduce this evidence, not on the ground of oversight or unintentional omission, but on the ground that he had asked the question before and the court had erroneously sustained an objection to it. To this contention the trial judge replied, in substance, that no such ruling had been made, and that the reason why the testimony was not already in was that the plaintiff would give no answers. We have not been referred, either in the brief or in the argument, to any such ruling as the plaintiff claims, nor have we found it in the record. In this situation we must accept the statement of the trial judge as correct, and, if it be correct, we find no error. Trial judges are obliged to meet many perplexing situations, as the writer can testify from experience, and there must come times when a trial judge is justified in cutting off a long and profitless examination of a witness who, either from intention or from ignorance, fails to give any information. Such a power must, of course, be carefully guarded, and exercised only with wise discretion; but, when so exercised, the action of the trial judge will be sustained by this court. In the present case we see no reason to doubt that it was entirely proper to refuse to reopen the case for further examination of the plaintiff, on the ground that ample opportunity to obtain the desired information had been already given and that the attempt had been fruitless.

3. The nonsuit was evidently granted on the ground that malice was not shown. It is admitted by plaintiff's counsel that there was no direct evidence of malice or of any feeling of ill-will on the part of the defendant toward the plaintiff, but it is argued that there was proof of want of probable cause, and that from this malice may properly be found by the jury. It is true that malice may be inferred as a fact from the want of probable cause, though the inference is by no means a necessary one. Newell, Malicious Prosecution,

Lauterbach vs. Netzo.

247, § 13; *Strehlow v. Pettit*, 96 Wis. 22. The question here is, Was the evidence of want of probable cause sufficient to go to the jury upon the question of malice? The trial court decided that it was not sufficient, and we are disposed, in the condition of the present record, to sustain the ruling. It is true, there was some evidence that the defendant had consented to the sale of some cattle by the plaintiff, but this evidence is at best very confused, and almost unintelligible, and apparently did not refer to the cattle named in the mortgage in question. Error must be affirmatively shown. In the case of so confused a mass of testimony as is presented to us here, where the plaintiff contradicts herself time after time upon the same page, and almost in the same breath, we must give some deference to the opinion of the trial judge as to its weight. His opportunities of forming an opinion on the subject were far better than ours can be. We are far from saying that in every case where a party makes contradictory statements a nonsuit can be sustained, but simply that, where the evidence is so uncertain and confused as to render the proper inferences extremely doubtful, as in the present case, we are disposed to give the decision of the trial judge some weight in determining the question of the correctness of the ruling. We feel more inclined to apply this rule in the present case from the fact that only detached fragments of the evidence are printed.

Upon the whole case we are of the opinion that no error has been shown.

*By the Court.*— Judgment affirmed.