SMALL, Respondent, vs. McGOVERN, Appellant.

*April 17—May 8, 1903.*

*Malicious prosecution: Advice of counsel: Malice: Evidence: Court and jury: Instructions: Admissions: Appeal: Correction of verdict.*

1. In an action for malicious prosecution defendant's testimony, confirmed by disinterested witnesses and official documents, was that he made a full and fair statement of the facts to the district attorney; that the latter advised him that the plaintiff ought to be prosecuted, and prepared a complaint which he requested defendant to swear to; that he (defendant) acted on such advice; and that the district attorney, after the facts were laid before him, took up the prosecution as a public and official matter, defendant doing nothing further except to swear to the complaint and testify as a witness. This evidence was uncontradicted, except that plaintiff and his attorney testified that upon the preliminary examination in the criminal case defendant stated that he did not get any legal advice before he swore out the complaint, because it was expensive. *Held*, that defendant, in such statement, evidently referred to the advice of private counsel, not to that of the district attorney; and that the trial court should have held that the facts testified to by defendant were established without dispute.

2. An action for malicious prosecution cannot be maintained unless defendant not only acted without probable cause but also was actuated by malice.

3. In an action for malicious prosecution of the plaintiff on the charge of having obtained money by false pretenses, it was error to refuse an instruction to the effect that the jury might consider the exasperation caused by the loss of the money as one of the circumstances in deciding the question as to the effect of the facts upon the mind of an ordinarily prudent man. Whether such error would, of itself, necessitate a reversal, not determined.

4. Admissions of an agent, made some two or three weeks after he had fully executed and completed his agency, are not admissible in evidence against the principal.

5. In an action for malicious prosecution testimony that the district attorney stated to his assistant that he deemed the prosecution proper, is inadmissible.

6. The supreme court will not substitute affirmative for negative answers and order judgment upon the special verdict so corrected, where no request for such action was made to the trial court.

APPEAL from a judgment of the circuit court for Vilas county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

Action for malicious prosecution. It appeared that the defendant, engaged in lumbering in Florence county, applied to an employment agent at Oconto to employ certain teams for him, in response to which the plaintiff appeared as one of the firm of Devereux & Small with six teams of horses, and worked through a period of about two months, at the close of which time he applied for payment, and the defendant inquired of him whether he or his firm was the owner of all of the horses and entitled to draw pay therefor; explaining that he had once been obliged to recognize the claims of a stranger and pay twice. Plaintiff asserted their ownership and his right to receive the pay, whereupon defendant paid him the balance then due. Shortly thereafter one Simpson made claim to own one of the horses and that he had, through the employment agent, hired it direct to *McGovern,* and refused to hire it to Devereux & Small, so that he was entitled to wages from defendant. Simpson brought suit and recovered judgment, whereupon the defendant laid the matter before the district attorney, who prepared complaint for obtaining money under false pretenses, to which defendant made oath, whereupon warrant issued under which plaintiff was arrested and subjected to preliminary examination, at which the magistrate found the crime to have been committed and that there was reasonable cause to believe the plaintiff guilty, and bound him over for trial. At the circuit court no plea was entered, but he was discharged for the reason that there had been filed in the circuit court none of the evidence taken upon the preliminary examination before the magistrate.

Upon the trial of the present action a special verdict was

taken, in which the jury found, in response to fifteen ques-
tions: (1) That plaintiff hired the horses, including the
Simpson horse, to the defendant, as horses the entire earn-
ings of which belonged to Devereux & Small; (2) that plaint-
iff represented, when settlement was made, that he was en-
titled to draw the wages of all the horses; (3) that such acts
and representations were not such as to induce an ordinarily
prudent and reasonably cautious man to believe that the earn-
ings of the Simpson horse were the property of Devereux &
Small; (5) that defendant paid *Small* the entire earnings
of the horses before he was advised that Simpson made any
claim; (6) that the Simpson horse was hired by Simpson to
the firm of Devereux & Small; (7) that defendant did not
pay Simpson the wages of his horse in good faith, believing.
that he was lawfully indebted to Simpson therefor; (8) that
defendant did not make a full and fair statement to the dis-
trict attorney of all the facts and circumstances within his
knowledge and information bearing upon the alleged offense;
(9) that the defendant did not have such knowledge and in-
formation as would lead an ordinarily prudent man to believe
that the statements and representations by him made to the
district attorney were true; (10) that the defendant was not
advised by the district attorney, upon the statements and rep-
resentations made, that the plaintiff was guilty of obtaining
money 'by false pretenses, before swearing to the complaint;
(12) that the defendant did not "act upon the advice of the
district attorney, in good faith;" (13) that the criminal pro-
ceedings after and including the drawing of the complaint
were not had at the advice and direction of the district attor-
ney, acting in his official capacity; (14) compensatory dam-
ages, $500; (15) punitory .damages, $600.  The defendant
moved for nonsuit and for direction of a verdict, and after
verdict moved to set aside the same and for a new trial, all
of which were overruled and judgment entered for the plaint-

iff for the aggregate compensatory and punitory damages, with costs, from which the defendant appeals.

For the appellant there was a brief by *John Barnes, Max Sells,* and *A. W. Shelton,* and the cause was argued orally by *Mr. Barnes* and *Mr. Shelton.*

For the respondent the cause was submitted on the brief of *D. G. Classon.*

DODGE, J. The first assignment of error argued by the appellant is upon the refusal to direct a verdict in favor of the defendant and to set aside the negative answers to the questions in the special verdict inquiring whether the defendant had made a full and fair statement of all the facts and circumstances to the district attorney of Florence county, whether he was advised by the district attorney before swearing to the complaint that the plaintiff was guilty of obtaining money under false pretenses, and whether he acted upon the advice of the district attorney in good faith. The motion to direct a verdict was predicated upon the contention that the evidence of such advice was undisputed. Upon an examination of the record, we find that the defendant testified categorically to submitting the matter fully and fairly to the district attorney; that the district attorney advised him that the prosecution ought to proceed, and prepared a complaint which he requested the defendant to swear to before the justice of the peace; and that he (the defendant) did act upon such advice. Indeed, his testimony is to the effect that, after laying the facts before the district attorney, the latter took up the prosecution as a public and official matter; defendant doing nothing further except to swear to the complaint and testify as a witness. All of these facts are also sworn to with directness by the district attorney's assistant, who himself prepared a draft of complaint and warrant based upon defendant's statement, which was adopted by the district at-

torney. The testimony of the justice of the peace was that the district attorney directed the prosecution, and he produced in evidence the complaint, in the district attorney's handwriting. Against this array of evidence, much of it from wholly disinterested witnesses and confirmed by official documents, there was no particle of negative evidence, except the testimony of the plaintiff and his attorney that upon the preliminary examination in the criminal case the question was put to defendant: "Did you get any legal advice before you swore out the complaint against *Small?*" to which he answered in the negative, and in answer to the question "Why?" answered that legal advice was expensive, especially to him. This so-called contradictory evidence, which is claimed by the respondent to make a jury issue, obviously goes only in negation of any submission whatever of the case to the district attorney and advice from him. If such interview took place, there is no scintilla of evidence to contradict the testimony of defendant and the other witnesses that his statement was full, fair, and complete of all the facts and circumstances in his knowledge, and that he acted upon such advice in good faith. The question, therefore, is whether, to any reasonable mind, that secondary evidence of the substance of a statement made by the defendant can be deemed any credible evidence that no interview between himself and the district attorney took place. The reasons for characterizing proof of verbal admissions as extremely weak evidence of the fact admitted are, of course, the numerous possibilities of a misunderstanding of the words used, a misquotation of them to express the idea which the witness acquired, and the uncertainty of memory. It is quite obvious from the manner of answering the second question by the defendant on the preliminary examination that he understood the preceding one to inquire as to whether he had taken advice of private counsel, such as would be expensive to him, and that is an entirely reasonable construction and understanding to the lay

mind. The distinction between going to one's own attorney
to be advised as to legal rights and duty and conduct, and
going to a public official, such as the district attorney, to sub-
mit to him the facts which one believes warrant him, as a
public officer, in instituting criminal proceedings, is one
likely to be drawn by a layman. It is likely not to occur to
him that he is seeking advice, in the colloquial sense, in the
latter instance, but that he is communicating to a public offi-
cer information to guide the latter in the performance of his
official duty. In the light of the array of indubitable proof
that the defendant did submit the facts to the district attor-
ney, and that the district attorney did act thereon, and did
advise and instruct the defendant to swear to the complaint,
it is inconceivable that defendant intended to state that he
had never been to the district attorney. We are persuaded
that to any fair-minded person it is apparent that the answer
which he gave upon the preliminary examination, even if
correctly quoted, was not a declaration in conflict with the
fact testified to by these several witnesses, and does not con-
stitute even that scintilla of credible evidence that no such
interview took place as could warrant the jury in reaching a
negative conclusion, even though they believed plaintiff's tes-
timony that the questions were so put and answered. We
are therefore convinced that the court should, upon the mo-
tion to direct a verdict, have held that the fact of the sub-
mission of the case to the district attorney, and his advice
that it constituted ground for commencing the prosecution,
was established without dispute, and that, after a verdict had
been received negativing these facts, he should, upon motion,
have set aside such negative answers.

Of course, that the action for malicious prosecution can-
not be maintained against one who, before moving it, fully
and fairly submitted all the facts and circumstances within
his knowledge to an attorney at law, and was by him advised
in good faith that they constituted guilt and warranted him

in instituting prosecution, if he in good faith acts on such advice, is perfectly well settled and, indeed, is not questioned by the respondent. *Messman v. Ihlenfeldt,* 89 Wis. 585, 591, 62 N. W. 522; *Strehlow v. Pettit,* 96 Wis. 22, 71 N. W. 102.

Another assignment of error is predicated on the fact, apparent on examination of the verdict, that the court did not submit any question as to whether defendant was in fact actuated by malice in moving the prosecution against plaintiff, and the jury has not found that he was. It is elementary law that the action for malicious prosecution can be maintained only when the defendant was actuated by malice and acted without probable cause to believe the accused guilty. *Spain v. Howe,* 25 Wis. 625; *Collins v. Shannon,* 67 Wis. 441, 446, 30 N. W. 730; *Messman v. Ihlenfeldt, supra;* *Strehlow v. Pettit,* 96 Wis. 22, 28, 71 N. W. 102; *Eggett v. Allen,* 106 Wis. 633, 637, 82 N. W. 556; *Lauterbach v. Netzo,* 111 Wis. 326, 332, 87 N. W. 230. Public policy requires freedom and safety for the mover of criminal prosecutions, to the end that the guilty may be brought to trial and punishment; hence liability for damages caused thereby to the innocent has been hedged about by limitations more stringent than in the case of almost any other act causing damage to another. In recognition of the duty of an individual to aid in the vindication of the criminal law, one is protected from liability if he acts honestly and in good faith for that purpose (that is without malice), although the facts known to him might not have been such as to satisfy another of the guilt of the accused. On the other hand, in recognition of the public interest that a prosecution should be moved whenever the facts are such as to induce belief of guilt in the average mind—one of ordinary intelligence and prudence—it is ruled that no one shall be liable for instituting prosecution under such circumstances, however much he may be actuated by malice. Hence, in establishing this cause of

action, it must be proved that the facts would not have aroused belief of guilt in the average mind, and, as an independent fact, that the prosecution was malicious. Neither fact is alone sufficient, and neither raises any legal presumption of the latter, though the absence of any probable cause for belief may be so absolute that a jury may draw the inference that the defendant did not have such belief and therefore was actuated by malice. Such inference is, however, an inference of fact, which may or may not be drawn, and not an implication raised by the law, as in case of slander and libel. In the case at bar the jury have merely passed on the mental condition which ought to have existed in the mind of the ideal "man of ordinary intelligence and prudence." They have not passed on the mental state or the motives of defendant. Hence one of the elements essential to recovery is not found to exist, and the judgment against him is not supported by the verdict. For this reason, it must be reversed.

Error is assigned on refusal of instruction to the general effect that the jury might consider the exasperation caused by the loss of the money as one of the circumstances in deciding the question as to the effect of the facts upon the mind of an ordinarily prudent man. The instruction requested was the same approved by this court in *Spear v. Hiles,* 67 Wis. 361, 30 N. W. 511, and, on the authority of that case, should have been given. Whether its refusal of itself would necessitate reversal, we need not decide, as that result is inevitable on other grounds.

Plaintiff was permitted, over objection and exception, to introduce a letter from the employment agent, Richards, as an admission that he, as such agent, hired six teams from Devereux & Small. The letter was written some two or three weeks after Richards had fully executed and completed his agency to hire teams for defendant. The admission of such

evidence was clearly erroneous. *Stone v. N. W. Sleigh Co.*
70 Wis. 585, 36 N. W. 248; *Heddles v. C. & N. W. R. Co.*
74 Wis. 239, 252, 42 N. W. 237.

Error is assigned upon rejection of evidence from the
mouth of the district attorney's assistant of statements made
to him by the district attorney that he deemed the prosecution
proper. We are at a loss to understand the theory on which
such offer was made. Certainly an expression of opinion to
any one other than defendant, except perhaps as a messenger,
could be of no materiality. The district attorney's state of
mind was not significant under any of the questions in the
special verdict, but merely whether he gave such advice to
defendant as to justify the latter in believing plaintiff guilty.
That the attorney expressed a certain opinion to some one else
was not competent evidence that he also expressed it to de-
fendant.

None other of the assignments of error seem to demand dis-
cussion in this opinion. They relate to details of the trial not
likely to be presented upon another. For the errors already
designated, the judgment must be reversed. We cannot
order the verdict to be corrected by substituting affirmative in
place of negative answers to the questions relating to advice
of counsel, and that judgment for defendant be entered upon
the corrected verdict, for no motion was made to the trial
court requesting such action.

*By the Court.*—Judgment reversed, and cause remanded
for a new trial.