Messman vs. Ihlenfeldt.

MESSMAN, by guardian *ad litem*, Appellant, vs. IHLENFELDT, Respondent.

*February 7 — March 5, 1895.*

*False imprisonment: Warrant returnable before another justice: Malicious prosecution: Instructions: Malice: Advice of counsel: Probable cause.*

1. A warrant issued by a justice of the peace under sec. 4740 or sec. 4776, R. S., may be made returnable before another justice of the same county, and will not for that reason be void so that imprisonment thereunder will be false imprisonment.

2. In an action for malicious prosecution the general charge to the jury on the question of malice is *held* to have been sufficiently full and accurate and fully equivalent to instructions requested by plaintiff, so that a refusal of such instructions was not error.

3. In an action for malicious prosecution of the plaintiff on the charge of poisoning defendant's cattle, it appeared that defendant was present at, but took no part in, an examination of witnesses conducted by the district attorney to ascertain who was probably guilty of the crime; that at the close of the examination the district attorney, on the information so obtained, advised defendant that there was sufficient evidence to justify the making of a complaint against the plaintiff; and that the justice before whom such examination was had considered the evidence sufficient and issued the warrant. There was no evidence that defendant had made any statement of facts to the district attorney, or that he had withheld any facts within his knowledge. *Held,* that it was not error to refuse to give instructions asked by plaintiff applicable to the ordinary defense of advice of counsel, and to charge the jury to the effect that probable cause depends upon the sin-

Messman vs. Ihlenfeldt.

cere and reasonable belief of the defendant that the plaintiff was guilty of the offense charged, and that the ground of his belief should be deemed reasonable and sufficient if the statements of the witnesses on said examination were such as would lead a cautious and prudent man honestly to believe that the plaintiff was guilty, and did in fact induce in defendant a sincere belief of the plaintiff's guilt, especially when such belief was re-enforced by the judgment and advice of the district attorney. The advice of counsel was not the defense in such case, but was only one circumstance, among others, by which defendant sought to establish probable cause.

APPEAL from a judgment of the circuit court for Kewaunee county: N. S. GILSON, Circuit Judge. *Affirmed.*

The complaint states two causes of action,— one for malicious prosecution, one for false imprisonment.

It appears that in the fall of the year 1889 the defendant and two of his neighbors lost about thirty head of cattle. They believed that they had been poisoned, and suspected the plaintiff's brother of being the poisoner. They consulted the district attorney and his law partner on the subject of commencing a prosecution. They were advised that they had not sufficient evidence to warrant such a proceeding. In the following spring a complaint was made to a justice of the peace, and many witnesses were examined before him. The defendant was present at that examination. The district attorney conducted it. At its termination both the district attorney and his law partner advised the defendant that there was evidence sufficient to justify him in making a complaint against the plaintiff. The district attorney drew up a complaint, which the defendant subscribed and swore to before the justice. The defendant had no further agency in causing a warrant to be issued. The justice issued a warrant against the plaintiff, returnable before another justice of the peace of the same county, who resided in another town. The plaintiff was arrested and taken before the justice before whom the warrant was returnable.

Before any proceedings were had the witness upon whose testimony the district attorney had mainly relied informed the district attorney that, on reflection, he was not positive, and could not testify to the facts which he had testified to previously. The district attorney then at once dismissed the action. The plaintiff then began this action.

There was a jury trial, and verdict and judgment for the defendant. The plaintiff appeals.

*G. G. Sedgwick,* for the appellant, contended, *inter alia,* that the intention of the statute is that the warrant should be in the form given in sec. 4774, R. S., and that if the justice who issues the warrant cannot hear the cause the accused should be taken by the officer making the arrest before a justice who could, under sec. 4782. And where a new justice has to be found in place of the one who issued the warrant, then one should be chosen in view of the convenience of the defendant, and he should be the nearest justice qualified by law to try a cause between the state and the accused, as provided by secs. 4744, 4809. To issue a warrant returnable before a justice twenty-four miles from the home of the accused, in a remote part of the county, would be an abuse of criminal process. *People v. Fuller,* 17 Wend. 211; *Fisher v. Shattuck,* 17 Pick. 252; Davis, Crim. Justice (Heard's ed.), 55. In order that advice of counsel may be a defense it must have been given honestly and in good faith, *upon a full, fair, and honest statement of all the facts within the defendant's knowledge.* All these conditions are necessary. *Sherburne v. Rodman,* 51 Wis. 481; *Palmer v. Broder,* 78 id. 487, 491; *Logan v. Maytag,* 57 Iowa, 107; *Smith v. Davis,* 3 Mont. 109; *Jackson v. Bell,* 58 N. W. Rep. 673; *Le Clear v. Perkins,* 61 id. 357; *Perry v. Sulier,* 92 Mich. 72; *Jonasen v. Kennedy,* 39 Neb. 313; *Scotten v. Longfellow,* 40 Ind. 30; *Norrell v. Vogel,* 39 Minn. 107; *Center v. Spring,* 2 Iowa, 393; *Cuthbert v. Galloway,* 35 Fed. Rep. 466, 470; Thomp. Trials, § 1639*b* and

note ·2. The charge was erroneous in that the advice of counsel is made, not a question to be considered by the jury, but an absolute defense, without the defendant's having stated all the facts within his knowledge to such counsel. See, further, *Flora v. Russell*, 37 N. E. Rep. 593; *Barhight v. Tammany*, 158 Pa. St. 545; Newell, Mal. Pros. 318, § 8; *Donnelly v. Daggett*, 145 Mass. 314; *Paddock v. Watts*, 116 Ind. 146.

For the respondent the cause was submitted on the brief of *Nash & Nash*.

NEWMAN, J. Whether any cause of action for false imprisonment was shown depends on whether the warrant was valid on its face. *Murphy v. Martin*, 58 Wis. 276; *Gelzenleuchter v. Niemeyer*, 64 Wis. 316; *King v. Johnston*, 81 Wis. 578. The warrant was regular and valid on its face. Sec. 4740, R. S., provides that the warrant shall direct the officer "forthwith to arrest the accused, and bring him before such justice, *or some other justice of the same county*, to be dealt with according to law." Sec. 4776 is to the same effect. Either section authorizes a warrant to be made returnable in the same manner as this warrant was made returnable. The court correctly ruled that there was nothing in this cause of action to go to the jury.

As to the cause of action for malicious prosecution, the errors alleged relate mainly to the charge of the court and its refusal to give special instructions asked. The plaintiff requested the court to charge that "by malice, as used in this case, there is not necessarily implied actual hatred or ill will. Malice is sufficiently shown if it appears that the arrest was made without any probable cause and for an improper motive. If you find that the defendant acted without probable cause in causing the plaintiff's arrest, and was in some degree influenced by ill will or hatred towards the plaintiff or his family, malice would conclusively appear."

The court did not give this instruction, but gave the following in its general charge, which seems to be fully equivalent, so far as relates to the question of malice: "The term malice, in this form of action, does not mean hatred or ill will toward the plaintiff, but includes any ulterior or improper motive; and in this case, unless you can find from the evidence that there was any ulterior or improper motive on the part of the defendant in causing the arrest of the plaintiff, then, unless malice can be inferred from want of probable cause, no malice exists in this case. If you find from the evidence that the defendant prosecuted the case from any motive other than an honest belief in plaintiff's guilt and a desire that public justice might be vindicated, then the prosecution was malicious, within the meaning of the law, for the law does not permit any individual to use criminal process from any ulterior or improper motive. No man has a right to institute criminal proceedings unless he honestly believes that the accused is guilty of the crime charged against him. In order to justify the defendant in causing a warrant of any kind to be issued, charging the plaintiff with a crime, the defendant should have probable cause to believe the plaintiff guilty of such crime." These instructions seem to be sufficiently full and accurate on the question of malice. It was not error not to give them in the precise form requested.

The plaintiff requested the court to charge that "the advice of counsel, to be of any avail to the defendant, must be given upon a full, fair, and honest statement of all the facts known to the defendant, and must be honestly given by the attorney, or be so understood by the defendant. If the defendant made false statements of the material facts to his attorney, or withheld material facts which were favorable to the plaintiff, then the advice of counsel would be of no avail to him in this action. If the attorney who advised the defendant to cause the arrest had an agreement or understanding with the defendant that the defendant could rely

on the advice of counsel as a defense, and the defendant, for that reason, made the complaint, then the advice of counsel would be of no avail." The court did not give these requested instructions otherwise than as the same ground is covered by the general charge. The failure to give these instructions is alleged to be error.

The instructions requested seem to be, in the main, correct propositions of law, such as could be very important and controlling in a case in which they were applicable. But in this case there was no testimony which even tended to show that the defendant had made false statements or had withheld any facts within his knowledge from the district attorney; nor that there had been prearrangement between him and the district attorney to simulate such a defense. To give such instructions in such a case might well tend to confuse and mislead the jury, rather than to enlighten their minds in relation to the real questions arising on the testimony.

In fact, the testimony did not show that the defendant made any statement whatever of the facts to the district attorney. In fact, it showed a very different state of circumstances. It showed that the district attorney had been present, and conducted the examination of witnesses, for the purpose of informing himself and the justice of the peace who, at the close of the examination, issued the warrant, touching the commission of the crime, to ascertain who was probably guilty of it. The defendant was present at the examination and heard the statements of the witnesses. It does not appear that he had any other part in it. At the close of the examination, the district attorney, on the information which he had so obtained, advised the defendant that there was sufficient evidence to justify the making of a formal complaint against the plaintiff. The justice considered the evidence sufficient, and issued the warrant.

It is evident from these facts that the question, as pre-

sented in this case, is not the ordinary defense of the advice of counsel. The advice of counsel as a defense, when fully established, is proof of the absence of malice and the presence of probable cause. Newell, Mal. Pros. 310, §§ 1, 2. Probable cause is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person accused is guilty. It does not depend upon the actual state of the case, in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution. Id. 252, 267, § 4, 303, § 22. The presence of probable cause is a perfect and complete defense. Id. 267, § 4, 307, § 27; *Spain v. Howe,* 25 Wis. 625; *Sherburne v. Rodman,* 51 Wis. 474; *Murphy v. Martin,* 58 Wis. 276. Both malice and absence of probable cause must exist concurrently to make a case of malicious prosecution. Cases last cited; Newell, Mal. Pros. 246, § 12. It is mainly a question of entire good faith and reasonable belief. It was competent to show the matters testified to by the witnesses upon the examination before the justice, in order to show what reasonable grounds the defendant had for believing the plaintiff to be guilty. The advice which the district attorney gave him, based on the same testimony of witnesses, was competent for the same purpose. This was not a complete defense unless all the testimony in the case satisfied the jury that the complaint was made in entire good faith. This could not be unless the jury were satisfied that the defendant had no knowledge of any material facts which he withheld.

The burden of proof, upon the whole case, to show that there was no probable cause, is upon the plaintiff. Newell, Mal. Pros. 282, § 17. The weight of authority seems to be that the abandonment of the criminal prosecution is *prima facie* evidence of the absence of probable cause. Id. 290, and cases cited; *Bigelow v. Sickles,* 80 Wis. 98. There are

many cases to the contrary.   14 Am. & Eng. Ency. of Law, 64, and cases cited in note 4.   It may be assumed that the abandonment of the prosecution put upon the defendant the onus of overcoming with proof this *prima facie* presumption.   This was done if, by the preponderance of the whole testimony, the jury were legitimately satisfied of the defendant's entire good faith and reasonable belief.

It is sometimes said that the advice of counsel is a complete defense.   This implies that the advice is sought and followed in entire good faith.   It implies, among other things, that the prosecutor has fairly imparted all his knowledge of the facts to his counsel, and has withheld none. Then the advice of counsel stands for probable cause, not simply because the defendant has testified to his good faith, formally, in words, but because the jury are convinced, upon all the evidence, that he has acted honestly; for the defense of advice of counsel is a question of fact for the jury, not of law for the court.   It is entitled to more or less weight, or to none at all, according to all the circumstances attending it.   *Vinal v. Core*, 18 W. Va. 1.   It is entitled to little or no weight if any circumstance in evidence casts suspicion on its integrity, as would be in case any fact in evidence indicated that a known material fact had been withheld from the counsel whose advice was sought.   So the advice of the district attorney to the defendant was competent evidence to be considered by the jury on the question of probable cause; not because it was of itself a complete proof of probable cause, but because it was a fact competent to be considered as tending to prove that defense.

What the court did instruct the jury in relation to these questions is as follows: " In order to show probable cause for the arrest of the plaintiff, the defendant, *John Ihlenfeldt,* is required to show his sincere belief that the plaintiff was guilty of the charge made, and such belief must be based upon such facts as would justify such a belief in the mind

Messman vs. Ihlenfeldt.

of a reasonable man. The discharge of the plaintiff by the examining magistrate is *prima facie* evidence of the want of probable cause, sufficient to throw upon the defendant the burden of proving the contrary. In this case it is not shown by the evidence that the defendant made any statement of the facts and circumstances connecting the plaintiff with the crime charged against him, but it appears that the defendant was present at the examination of the witnesses before Justice Schauer, on a complaint against Ernst Messman, in connection with the district attorney, and that the defendant with the district attorney were both present when statements were made by Mr. Reinhold as to the purchase of Paris green by the plaintiff, and perhaps other statements made by other parties. It is for you to determine from the evidence whether any other statement was made in regard to the connection of the plaintiff with this crime in the presence of the defendant and the district attorney. If the evidence given before Justice Schauer and the statements made by Mr. Reinhold or other persons at the conclusion of such examination, in the presence of the defendant and the district attorney, would lead a cautious, reasonable, and prudent man, under similar circumstances, to *honestly believe* that the plaintiff was guilty of the offense charged against him in the complaint, and upon such evidence and statements the defendant was advised by the district attorney, in his official capacity, that there was good ground for making the complaint against the plaintiff for the offense charged, and in pursuance thereof the defendant made this complaint, then the defendant is not liable."

This instruction seems fairly to express the idea that probable cause depends upon the sincere and reasonable belief of the defendant that the plaintiff was guilty of the offense with which his complaint charged him; and that the grounds of his belief should be deemed reasonable and sufficient if the statements made by the witnesses who were examined

before the justice, in his presence, were such as would lead a cautious and prudent man honestly to believe that the plaintiff was guilty, and did in fact induce in him a sincere belief of plaintiff's guilt,— especially when such belief was re-enforced by the judgment and advice of the district attorney. It could not well convey to the minds of the jury the idea that he could have a sincere belief of plaintiff's guilt if he had consciously withheld from the district attorney any material fact; and very clearly the jury might believe, upon all the evidence, that the defendant had acted in entire good faith. The defense is not based upon the advice of counsel. That is only one circumstance, among others, by which the defendant seeks to establish probable cause. The instruction seems to state the law, as applicable to the circumstances shown by the evidence, with sufficient clearness.

The remaining exceptions do not require consideration at length. They are not deemed important or controlling. No error for which the judgment should be reversed is found.

*By the Court.*— The judgment of the circuit court is affirmed.