BILLINGSLEY, Respondent, vs. MAAS and another, Appellants.

*April 14 — May 1, 1896.*

*Malicious prosecution: Instructions to jury: Probable cause: Good faith: Court and jury: Excessive damages: Appeal.*

1. In an action for malicious prosecution brought by the cashier of a corporation who had been arrested on a charge of embezzling moneys, including a certain $25 which he had paid to the president, a statement in the charge to the jury that "the question in the trial as to that $25 would be whether it was paid over with fraudulent intent on the part of the plaintiff in this action," is *held* not to have been erroneous, it appearing that the jury must have understood from the context, as the fact was, that the judge was speaking of the issue in the embezzlement case.

2. In an action for malicious prosecution an instruction that to justify causing the arrest of an innocent man "the facts must be such as would justify an ordinarily intelligent and *reasonably* prudent person in entertaining" a belief that he was guilty, was not erroneous.

3. Although the defendants in an action for malicious prosecution had fully stated all the facts to their attorney and had acted in accordance with his advice in causing plaintiff's arrest, yet the question whether they acted honestly and in good faith, without ulterior motive, is one for the jury where, from the whole evidence, persons of different minds might reasonably draw different inferences in respect to that question.

4. In an action for malicious prosecution it appeared that plaintiff, who was arrested on a charge of embezzlement, was in custody only about one hour and was not in actual confinement at all; that he was released upon depositing a small sum and promising to appear in court; that on such appearance no examination was had, and no particular objection made by defendants to his discharge; that there were no special circumstances of aggravation; and that his expenses in the matter were $50. *Held*, that damages assessed at $3,500 were grossly excessive and should be reduced, by remission, to $1,000 or a new trial granted.

5. A motion to set aside a verdict on the ground that it was the result of passion and prejudice is sufficient to raise the question whether the damages are so excessive as to warrant a reversal of the judgment on that ground.

Billingsley vs. Maas and another.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

This was an action to recover damages for alleged malicious prosecution. The complaint in effect charged that defendants, maliciously and without probable cause, caused the arrest of plaintiff on the criminal charge of embezzlement; that the action was dismissed for want of prosecution; that plaintiff was injured in person, reputation, feelings, and business standing, and was compelled to pay out $50 to secure his discharge. Damages were laid at $5,000. Defendants answered, admitting the arrest and discharge, but alleged that they acted in good faith, without malice, and upon probable cause; that they proceeded on the advice of counsel, honestly relying upon the same, given after a full and complete statement by them to such counsel of the facts.

On the trial the evidence showed that the plaintiff, for more than a year prior to September 22, 1893, was the book-keeper and cashier for a corporation known as the Osborne-Maas-Vent Company; that defendants were stockholders therein; that June 26, 1893, for the purpose of winding up the concern, the assets were, by written agreement, put into the possession and control of four trustees, of whom the president of the company, J. L. Osborne, was one; that the trustees were empowered by such agreement to convert such assets into cash and, after paying the debts, to distribute the proceeds among the stockholders; that plaintiff, who handled the money as cashier, without the consent of the trustees, paid Osborne $25, but did not charge the same on the books till September 22, 1893, prior to which time Osborne had retired from the company; that thereafter defendants examined the books, and found a discrepancy of $10, which plaintiff was unable satisfactorily to account for, but insisted that he did not convert the same to his use, and thought he had paid it to Vivian, one of the trustees. As to the $25, he claimed that he paid it to Osborne upon his re-

quest, believing him to be entitled to it. The evidence further showed that defendants demanded of plaintiff that he account for the $35, and threatened that if he did not they would have him arrested; that he refused to do so, insisting that he had not converted any of the money to his own use, but that, as to the $25, it was paid to Osborne, who claimed that he had a right to it, and, as to the $10, that it was an error he could not satisfactorily account for, but that he had not converted the money to his use. The evidence tended further to show that defendants thereupon consulted with their attorney, W. D. Dwyer, in respect to the matter; that they stated to him the facts, and on such statement were advised by him that plaintiff was guilty of embezzlement; that thereupon they caused the arrest to be made.

The evidence further showed that plaintiff was in charge of an officer but one hour, though not confined; that he was released on depositing $40 as security for his appearance in court on the following Monday morning; that he appeared accordingly, at which time, by the district attorney of the county, without any particular protest on the part of the defendants, who were present, ready and willing to testify as witnesses, the proceedings were dismissed. Evidence further showed that the plaintiff paid out $50 to secure his discharge.

The jury rendered a verdict in favor of the plaintiff, and assessed his damages at $3,500. Defendants moved to set the same aside, and for a new trial, for various reasons, which motion was overruled. Judgment was entered on the verdict, from which this appeal was taken.

For the appellants there was a brief by *Ross, Dwyer & Hanitch,* and oral argument by *W. D. Dwyer.* To the point that the word " reasonably " means more than "ordinarily," they cited *Little v. Superior R. T. R. Co.* 88 Wis. 402.

For the respondent there was a brief by *Swift & Cooper,* and oral argument by *L. S. Butler.*

MARSHALL, J. The following language of the judge's charge was excepted to: "And the question in the trial, as to that twenty-five dollars, would be whether it was paid over with fraudulent intent on the part of the plaintiff in this action." It is argued that this language was used in such a way as to lead the jury to believe that the turning question, or one of them, on the trial of this action, was whether plaintiff in fact fraudulently paid the money to Osborne. A careful reading of the whole paragraph of the charge in which the language excepted to occurs fails to impress us that the defendants were, or could have been, prejudiced by such language. The trial judge was speaking about the action brought against plaintiff for embezzlement. That is so plain that an intelligent jury could not have misunderstood it. The opening words of the paragraph are, "On the twenty-fifth day of last September, plaintiff was arrested on a warrant sworn out by defendants, charging him with the crime of embezzlement." The facts upon which defendants based their charge are then stated. Then occurs the following: "As to that twenty-five dollars, the question would have been, on that trial, whether or not that was paid over fraudulently." Later in the same paragraph, plainly intending to repeat what had theretofore been said, the language complained of occurs, in the following connection: "As I say to you, gentlemen, . . . the question in the trial, as to that twenty-five dollars, would be whether it was paid over with fraudulent intent." The jury must have understood, as the fact was, that this referred to the issue in the embezzlement case.

Exception was taken to the use of the word "reasonably," instead of the word "ordinarily," in the following expression: "The court instructs the jury that the mere belief that an innocent man is guilty of a crime is not, alone, sufficient to justify causing his arrest. The facts must be such as would justify an ordinarily intelligent and reasonably prudent per-

Billingsley vs. Maas and another.

son in entertaining such belief." We are unable to perceive wherein this is subject to criticism. The learned trial judge followed very closely standard text writers on the subject. In Cooley, Torts, 182, the rule is stated thus: "A mere belief that cause exists is not sufficient, for one may believe on suspicion and suspect without cause, or his belief may proceed from some mental peculiarity of his own; there must be such grounds of belief as would influence the mind of *a reasonable person*, and nothing short of this could justify a serious and formal charge against another." Again, in *Braveboy v. Cockfield*, 2 McMul. 270, O'NEILL, C. J., said, in effect: 'The test is, anything which will create in the mind of a *reasonable* man the belief that the party is guilty is a probable cause.' Again SHAW, C. J., in *Bacon v. Towne*, 4 Cush. 217, expresses the rule thus: "There must be such a state of facts as would lead a man of ordinary caution and prudence to believe and entertain an honest and strong suspicion that the person is guilty." While by TYNDALL, C. J., in *Broad v. Ham*, 5 Bing. N. C. 722, it is stated thus: "There must be reasonable cause, such as would operate on the mind of a *reasonable man*." And again, by Mr. Justice TRUNKEY, in *McCarthy v. De Armit*, 99 Pa. St. 63, the rule is stated as follows: "The belief must be that of a *reasonable* and prudent man. All that can be required of him is that he should act as a *reasonable* and prudent man would be likely to under the circumstances." This language is also approved in *McClafferty v. Philp*, 151 Pa. St. 86. So, in *Womack v. Fudikar*, 47 La. Ann. 33, BREAUX, J., considering the same subject, said, "It is well settled that the ground of belief must be such as would influence the mind of a *reasonable* person." Without further discussion on this point, it will be seen that the words "reasonable person" and the words "ordinarily cautious person" are used synonymously in describing the degree of care that should be exercised in instituting criminal proceedings to avoid the charge of ma-

licious prosecution.  The charge of the learned trial judge on this subject is free from error.

It is said that the court should have set aside the verdict as against the evidence, upon the ground that "probable cause" was conclusively established.  This is based upon the evidence to the effect that the defendants made a full and complete statement of the facts to their attorney, that on such statement they were advised by such attorney that plaintiff was guilty, and that they honestly believed and acted upon such advice, in good faith, in instituting the prosecution.  Such facts, established to the satisfaction of the jury or appearing conclusively from the evidence, are fatal to a recovery.  Cooley, Torts (2d ed.), 212; *Sutton v. McConnell,* 46 Wis. 269; *Stewart v. Sonneborn,* 98 U. S. 187. But while the defendants testified that they made a full and complete statement of the facts to their attorney, and this was corroborated by such attorney, and that they acted upon his advice and in good faith, whether they did act in good faith, in fact, was a material question to be determined, and was disputed.  Therefore, though the direct evidence was to the effect that they made a full statement to counsel, received his advice, and acted in accordance therewith, still the fact of whether they acted honestly and in good faith, without any ulterior motive, was for the jury, if, on the whole case as made by the evidence, persons of different minds might reasonably draw different inferences therefrom in respect to such question.  *Stewart v. Sonneborn, supra.* That such was the condition of the case was the conclusion of the trial judge, and we are unable to say wherein he was wrong, or that there was an abuse of discretion in refusing to set the verdict aside and grant a new trial on the ground that it is against the weight of evidence in respect to the facts constituting plaintiff's right to recover.

Some other questions are presented by the record, but none, in our judgment, which require consideration, except

Billingsley vs. Maas and another.

that of whether the verdict was excessive. A motion was made to set it aside because it was the result of passion and prejudice. That fairly raises the question of whether it was excessive to such a degree as to warrant a reversal of the judgment on that ground. The damages assessed are $3,500. Plaintiff was not in actual confinement at all. He was in custody but about one hour. He was released upon depositing $40 and promising to appear in court on the following Monday. No examination was had, and no particular objection was made by defendants to his discharge. They simply held themselves in readiness to testify as witnesses. There were no special circumstances of aggravation. The case was only open to the assessment of $50 for expenses, general compensatory damages, and damages by way of punishment. Under these circumstances, it appears to us quite clear that the verdict is grossly disproportionate to the injury plaintiff received, and to any punishment that could be properly inflicted. Our attention is called to *Ross v. Innis*, 35 Ill. 487, as a precedent for such a recovery, but we perceive no parallel between the two cases. There the defendants were members of a large and wealthy mercantile copartnership. They caused the arrest of plaintiff on the charge of having embezzled $165. The matter was pressed to an examination before a magistrate, upon which plaintiff was discharged, it appearing that the charge was causeless. There were special aggravating circumstances, among which was the fact that the defendants declared, after the discharge, that plaintiff was guilty and that if any one inquired in regard to his character they would say he stole $165 and that he was a thief and a liar. The action was tried three times, each time resulting in a large verdict in favor of the plaintiff. Under such circumstances, the court determined that the last verdict ought not to be set aside as excessive. To cite precedents, this case is more like *Cointement v. Cropper*, 41 La. Ann. 303, where the ap-

pellate court cut the verdict of $1,000 to $500; also *Phelps v. Cogswell*, 70 Cal. 201, where the appellate court reversed a judgment for $3,500 as excessive, and ordered a new trial unless the plaintiff remitted all but $1,000. No larger verdict than $1,000 can be sustained on the evidence in this case, and unless the plaintiff remits all but that sum a new trial must be granted.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded for a new trial unless, within thirty days after the filing of the *remittitur*, the plaintiff remits from the verdict all except the sum of $1,000, in which case the superior court is directed to render judgment in his favor for such sum, with costs taxed in such court.