BRINSLEY, Appellant, vs. SCHULZ and another, Respondents.

*February 22—March 14, 1905.*

*Malicious prosecution: Advice of counsel: Evidence.*

1. If a criminal prosecution was commenced in good faith under
the advice of counsel, particularly of the proper prosecuting
officer, after a full and fair statement to him of all the facts
known to the complainant or believed by him to exist, such
complainant is not liable for malicious prosecution.
2. In an action for malicious prosecution it was competent for de-
fendants to testify generally that they fully and fairly stated
all the facts to the district attorney and acted upon his advice;
and where this testimony was undisputed it was proper to di-
rect a verdict in their favor.

APPEAL from a judgment of the circuit court for Kenosha
county: ORREN T. WILLIAMS, Judge.   *Affirmed.*

Action to recover damages for malicious prosecution.   The
complaint was to the effect that defendants, November 15,
1898, for the purpose of injuring plaintiff, maliciously and
without probable cause procured his arrest upon the charge
of having embezzled $285, possessed by him as agent of the
Pike Woods Camp, No. 391, an association of the Modern
Woodmen of America; that such proceedings were duly taken

pursuant to such arrest that plaintiff was imprisoned in the
county jail of Kenosha county for a considerable length of
time, awaiting a hearing before the justice of the peace who
issued the warrant; that he was given a hearing December
13, 1898, when the action was dismissed on motion of the dis-
trict attorney; that he suffered damages by reason of the facts
in the sum of $5,000. Judgment therefor with costs was de-
manded.

Defendants answered to this effect: On November 9, 1898,
plaintiff was, and for a long time prior thereto had been, in
the employ of the organization mentioned in the complaint.
Between May 25, 1896, and the aforementioned date as such
employee he had in his possession of the moneys of such as-
sociation $363.80, and being so possessed he converted said
money to his own use. Upon due demand being made upon
him to restore the same to such association he refused to do
so. Defendants as members of such association, November
15, 1898, were empowered to take such proceedings as might
be deemed necessary to recover the money so misappropriated.
Thereafter they with plaintiff called upon the duly author-
ized attorney of such association, who was duly authorized to
practice the profession of law, and discussed the matter, at
which time plaintiff admitted the facts alleged, but neglected
to produce the money or to pay the same to the association.
The defendants made a full statement and explanation of all
the facts to said attorney and were by him advised that plaint-
iff was guilty of the crime of embezzlement and that they
should place the matter before the district attorney of the
county. Thereupon they visited such attorney and fairly and
fully stated all the facts to him. He then advised them to
make the complaint upon which plaintiff was arrested, and
visited a justice of the peace, before whom the warrant was
sworn out, and himself drafted the complaint therefor.
Thereafter plaintiff made restoration of the $363.80, and at
his request, and by consent of the district attorney, the crim-

inal proceedings against him were dismissed.   Defendants
acted in good faith in all proceedings referred to and were
guided by the district attorney upon a full statement of the
facts to him.

On the trial evidence was produced on behalf of the de-
fendants, claimed to conclusively establish the allegations of
the answer as to their having fully and fairly stated all the
facts to the district attorney and his having advised them to
swear out the complaint for plaintiff's arrest.   At the close
of the evidence on both sides a verdict of no cause of action
was directed.   Judgment was rendered in favor of the de-
fendants for costs upon such verdict, from which this appeal
was taken.

*Wallace Ingalls,* for the appellant.

For the respondents there was a brief by *James Cavanagh*
and *Jacob C. Kroncke,* and oral argument by *Mr. Cavanagh*
and *Chester D. Barnes.*

Marshall, J.   In this class of cases one of the elements
necessary to plaintiff's right to recovery is want of probable
cause for the commencement of the alleged malicious prose-
cution.   If the evidence, in the most favorable view thereof
in plaintiff's favor which it will reasonably bear, fails to es-
tablish that sufficiently to warrant a reasonable belief in its
existence, it is the duty of the court, upon a motion being
made therefor, to direct a verdict in defendant's favor.   One
of the most efficient ways of negativing a *prima facie* show-
ing in that regard and establishing affirmatively probable
cause is to prove that the prosecution was commenced under
the advice of counsel, particularly of the proper prosecuting
officer, after a full statement to him of all the facts known to
the defendant.   It makes no difference in such a case whether
the facts supposed to exist do so or not; if there is an honest
belief in such existence and the supposed facts are fully and
fairly stated to counsel to obtain proper guidance in the mat-

ter, and upon his advice as to the sufficiency of the same the prosecution is in good faith commenced, that is enough. Such circumstances when fully established show, as a matter of law, absence of malice and presence of probable cause, precluding any liability for malicious prosecution. *Messman v. Ihlenfeldt,* 89 Wis. 585, 62 N. W. 522; *Small v. McGovern,* 117 Wis. 608, 94 N. W. 651.

If such were not the law, there would be so much risk in instituting criminal prosecutions that crime to a great extent would probably go unpunished. Few men would make complaint against a wrongdoer and take the chances of being mulcted in damages for malicious prosecution if it should finally turn out by the verdict of the jury, or otherwise, that the accused could not be convicted. It is essential to good government that one who has probable cause to believe another has committed a criminal offense may, as regards liability to that other, put the proper instrumentalities in motion for such other's punishment if he is in fact guilty. It is just as essential to good government that the judgment of men sufficiently learned in the law to be entitled to practice the profession thereof, deliberately given upon the facts as to any situation, that they involve criminal responsibility, should be deemed probable cause for commencing the proper action to enforce such responsibility.

Applying the foregoing to the record in this case, it seems the learned trial court was justified in directing the verdict in respondents' favor. As we understand the evidence, it is undisputed that they made a full statement of all the facts within their knowledge to the attorney for the institution whose money it was supposed had been misappropriated by appellant; that such attorney pronounced his conduct embezzlement, and advised respondents to lay the whole matter before the prosecuting officer of the county for such action as he might think best; that following that suggestion they made a full statement of all the facts within their knowledge to such

officer, and were advised by him that appellant was a proper subject for prosecution for embezzlement; and that such officer visited a justice of the peace with them and there drew, or dictated to another who drew, the complaint whereby the prosecution was instituted. Counsel for appellant insist that the proof failed to show conclusively that all facts material to the matter known to respondents were stated to the district attorney. That seems to be based on the theory that there were such facts, which neither respondents nor counsel testified, specifically, were brought to the latter's attention. The record shows that *Newberry* testified in general terms that when he made the complaint he believed that *Brinsley* had embezzled the money; that he fully and fairly stated all the facts to the district attorney and followed his advice in the matter. Respondent *Schulz* testified, substantially, thus: We went to the district attorney's office and stated the case fully to him and upon his recommendation and advice obtained the warrant for the arrest. I stated fully all the facts within my knowledge at that time. Upon that statement the district attorney advised the making of the complaint. It was perfectly competent to testify in that general way. If there were any facts within respondents' knowledge material to the matter, which they did not state to the district attorney, appellant's counsel should have shown that by cross-examination or in some other proper way. As the evidence stood when the motion to direct the verdict was made, there was the undisputed testimony of both defendants, as indicated. Under those circumstances it would have been plain error for the court to deny the motion for a verdict in respondents' favor.

*By the Court.*—The judgment is affirmed.