HAAS, Respondent, vs. POWERS, Appellant.

*December 8, 1906—January 8, 1907.*

*Appeal and error: Review: Absence of exceptions: Malicious prosecution: Probable cause: Evidence: Questions for jury: Defenses: Reliance on advice of counsel: Court and jury: Excessive damages.*

1. In the absence of any exceptions to the charge of the court no question relating to instructions can be considered on appeal.
2. In an action for malicious prosecution based on the prior prosecution of plaintiff for larceny, it appeared that defendant failed to make full and fair disclosure of material facts in obtaining advice of attorneys, and under the inferences, supported by the evidence stated in the opinion, it was *held* that the question of defendant's liability in instituting the criminal proceeding maliciously and without probable cause was properly submitted to the jury.
3. In an action for malicious prosecution, the defense of having acted upon the advice of counsel is not available unless defendant fully and fairly stated the material facts and his knowledge of the transactions to counsel, and such advice led him to the honest belief that plaintiff was guilty of the offense of which he complained against him.   If the evidence on this subject fails to establish such facts clearly and without dispute, then it must be left for decision to the jury.
4. In an action for malicious prosecution a verdict of $400, assessed as plaintiff's compensatory damages, under the facts is *held* not to be excessive.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

In September, 1903, a highway was laid out over the line dividing the farms of plaintiff and defendant and continuing through land belonging to the defendant. A survey made in 1903 showed that the supposed line fence between their farms was in fact located wholly upon plaintiff's land. On February 12, 1904, the town officers notified defendant to remove his fences from the highway within thirty days. At this time he stated to the person so notifying him that there was no necessity of serving this notice upon him, because he had no fence to remove from this highway. About this time plaintiff was also notified to remove his fences from the highway, and during the winter he removed all of that part of the fence, save a few bottom rails covered with ice and snow, which had been treated as belonging to him and which he had kept in repair. The road overseer of the town had been ordered to open the road in August, 1904, and therefore during the summer he told various parties that they might take the wood and stumps from the fence in the highway. Among the persons he so told to take this material was the plaintiff. On August 19, 1904, the plaintiff took a wagon load of roots, stumps, and other parts of the material remaining of the fence which had been that part of the fence belonging to defendant. Defendant was not at home when plaintiff took this material. On the following day he consulted an attorney, told him that plaintiff had removed the fence material belonging to him, and stated generally the facts of the laying out of the highway and that he had maintained that part of the fence as a division fence. He did not state to the attorney the condition and value of the material taken by plaintiff; that the survey showed that the fence was upon plaintiff's land; that he had not removed it as directed; that the road district officers had been clearing it up as refuse and burning it, nor did he inform him that he had originally disclaimed

ownership of it when notified to remove it. Upon his statement he was advised that the taking by plaintiff was an act of larceny, and he was told to consult the district attorney of the county in respect to the matter. He went to the county seat, but the district attorney was out of town. He, however, consulted two other attorneys, and, with the assistance of one of them, procured the issuance, on his complaint, by a justice of the peace, of a warrant charging the plaintiff with the crime of larceny of a load of wood of the value of $4. Plaintiff was arrested, taken into custody, and compelled to obtain bail.

On August 22, 1904, plaintiff attempted to take more of this material from the fence, but he was stopped by the defendant after he had placed a few pieces of partially decayed wood on his wagon. Defendant states that, when his son attempted to prevent plaintiff and his son from taking the load of wood on August 19th, plaintiff's son told him that if they could not get the wood during the daytime they would get it at night. Defendant again consulted an attorney, the one whom he had first seen, and was told that there was nothing to do but to have the plaintiff arrested again, and was further advised to see the district attorney. Defendant sought the assistance of the district attorney in procuring another warrant, but the district attorney advised him that the first case would decide the matter, and told him that the proper remedy would be to get a peace warrant to prevent plaintiff from injuring his property. Defendant then consulted Justice Koch. He refused to issue a warrant until he had conferred with the district attorney. They talked the matter over, and as a result defendant procured the issuance of a peace warrant against plaintiff, based on his complaint that plaintiff threatened to commit a larceny of his fence material. Plaintiff was found not guilty by the jury on the trial for larceny upon the first complaint, and the second action was dismissed on motion of the district attorney. The second warrant was

issued before the first action had been tried. On the trial of the instant case the district attorney testified that the statement made to him by the defendant differed materially from the facts established by the evidence in the first action. He also testified that defendant insisted upon the issuance of the second warrant, and that he would not have aided plaintiff in procuring the first warrant if he had been consulted.

Plaintiff brings this action for damages, alleging that defendant instituted these criminal actions against him maliciously and without probable cause. There was evidence upon the trial that the wood was without any market value; that it was old and rotten and worth nothing above the labor of taking it away; that the road officers had been clearing it away by burning, and that defendant had treated it as worthless. It was also shown that the defendant had not informed the attorneys whom he had consulted of the condition and value of the material, that he permitted the road district officers to remove and burn it, and that it was located upon plaintiff's side of the division line between their farms. There was evidence that there had been trouble and litigation between the parties previously. The jury returned a verdict assessing plaintiff's damages at $500—$400 compensatory and $100 punitory damages.

This is an appeal from a judgment on the verdict in plaintiff's favor.

For the appellant there was a brief by *A. M. Spencer* and *Thomas H. Ryan,* and oral argument by *Mr. Spencer.*

For the respondent the cause was submitted on the brief of *John Bottensek,* attorney, and *G. T. Moeskes,* of counsel.

SIEBECKER, J. Whether the court correctly submitted the issues to the jury must be determined upon the state of the evidence. No question relating to instructions can be considered since the record presents no exception to the charge of the court.

The institution of criminal proceedings by the defendant against the plaintiff and plaintiff's acquittal of the charge preferred therein is unquestioned. The court submitted to the jury the question whether defendant instituted the criminal actions maliciously, without probable cause, and upon the advice of counsel. The jury found that defendant instituted them maliciously, without probable cause, and that he did not act upon the advice of counsel in instituting them. Upon this question it appeared that he failed to make a full and fair disclosure of material facts in obtaining advice. The evidence also tended to support inferences, which the jury were permitted to find, that the old fence material was of no value at the place in the newly established highway from which plaintiff was accused of stealing it; that defendant had expressly disclaimed any interest in it and had left it to be removed by the road overseer; that the overseer had told the plaintiff and others that they might remove it; and that he had been and was then engaged in burning portions of it to clear it from the highway. It also appeared that an unfriendly feeling existed between the parties, and that this feeling had been intensified through alleged trespasses of defendant's cattle on plaintiff's premises and had resulted in litigation between them. Under evidence sustaining such inferences it is apparent that the trial court held upon good ground that the question of defendant's liability in instituting these criminal proceedings against plaintiff maliciously and without probable cause should be submitted for determination to the jury. *Eggett v. Allen,* 119 Wis. 625, 96 N. W. 803.

Respecting the defense that defendant acted upon the advice of counsel, circumstances already considered have a bearing. To rest upon this defense requires that the defendant sought such advice and followed it in good faith. To fulfil such requirements it must appear that he fully and fairly stated the material facts and his knowledge of the transaction to counsel, and that such advice led him to the

honest belief that plaintiff was guilty of the offense of which he complained against him. If the evidence upon this subject fails to establish such facts clearly and without dispute, then it must be left for decision to a jury. *Messman v. Ihlenfeldt,* 89 Wis. 585, 62 N. W. 522; *Small v. McGovern,* 117 Wis. 608, 94 N. W. 651; *Cullen v. Hanisch,* 114 Wis. 24, 89 N. W. 900; *Schaltgen v. Holnback,* 149 Ill. 646, 36 N. E. 969. The evidence is not without dispute, and does not clearly show that defendant met these requirements. The evidence shows that he omitted to state to the counsel whom he consulted that the material which he claimed plaintiff had stolen had no market value in its decayed condition where it lay in the highway, that he had taken the portion that was good, that the part which he had left and which was taken might be deemed to have been abandoned by him, and that the overseer, in clearing out the newly established highway, was engaged in burning it as abandoned and worthless rubbish; nor did he state that he and plaintiff had had recent difficulties and litigation concerning this line fence and trespasses committed by his cattle on plaintiff's land. Another material fact bearing upon this issue is the conflict between his evidence and that of the district attorney respecting the second prosecution. The district attorney claims to have advised him that the second prosecution ought not to be instituted until the first action had been tried, but he states that defendant persisted in commencing it before the trial of the pending action. Upon this state of the evidence and the consideration of defendant's want of good faith in this transaction, it is manifest that this issue was properly submitted to be resolved by the jury.

The jury assessed plaintiff's compensatory damages at $400. This sum cannot be held excessive under the facts. *Billingsley v. Maas,* 93 Wis. 176, 67 N. W. 49.

*By the Court.*—Judgment affirmed.