KING, Respondent, vs. APPLE RIVER POWER COMPANY and
another, Appellants.

*April 11—April 30, 1907.*

*Malicious prosecution: Probable cause: Court and jury: Advice of
counsel: Diligence in ascertaining facts not necessary.*

1. In an action for malicious prosecution if the facts are undis-
puted the question whether there was probable cause for the
prosecution is a question of law for the court.
.2. If after a full, fair, and honest statement to a reputable attorney
of all the facts and information within his knowledge a person
takes the advice of such attorney in making a criminal com-
plaint, honestly believing the one charged to be guilty, he has
probable cause, as a matter of law, for his action.
.3. The term "full and fair statement of all the facts" does not mean
all the facts discoverable; nor is it necessary that diligence in
making inquiries be shown.

APPEAL from an order of the circuit court for St. Croix
county: E. W. HELMS, Circuit Judge. *Reversed.*

The appeal is from an order granting a new trial in an ac-
tion for malicious prosecution.

Defendants, according to the allegations of the complaint,
maliciously and without probable cause swore out a warrant
before a justice of the peace in St. Croix county, Wisconsin,
falsely charging plaintiff with the offense of maliciously dis-
turbing, interfering with, and injuring the wires and poles
of the defendant company, used in its business of operating
an electric power plant in such county, and procured plaintiff
to be arrested on such warrant and imprisoned till she gave
bail for her appearance to answer the complaint. Further,
as alleged, plaintiff was duly tried upon such charge and ac-
quitted. Other allegations were made as part of plaintiff's
cause of action bearing on the question of damages.

Defendants answered, among other things, that the com-
plaint was made in good faith, without malice, and with prob-
able cause to believe plaintiff was guilty.

On the trial there was substantially undisputed evidence to this effect: Defendant *Epley* was president of the defendant company, which owned, controlled, and operated an electric power plant. The pole line was located along the highway in front of plaintiff's premises. In the latter part of November, 1904, her son, assuming to represent her and to be under the guidance of a lawyer, called upon *Epley* and demanded a removal of the poles from in front of his mother's place, threatening, if the demand was not complied with, to cut the poles down. No attention was paid to such demand. December 2d, thereafter, an employee of the company who had been in its service for several years and was regarded by it and by *Mr. Epley* to be trustworthy informed the latter by telephone that plaintiff's son was cutting the poles down and that he was acting under her direction. A short time afterwards *Epley* was informed a second time as before by one of the company's employees who said: "They are chopping the poles and the current is on." Thereupon *Epley* went to the office of a justice of the peace, who was a lawyer, and stated to him the situation. He suggested seeing Mr. McNally about the matter. The latter was a reputable lawyer of twenty years' experience and more. *Epley* related to Mr. McNally all the facts aforesaid, which were all that were within his knowledge. He believed plaintiff's son, under her direction, had actually disturbed the company's property, as he stated. On such statement Mr. McNally advised *Epley* that he was justified in making the complaint, and to do so was the only way to proceed. Thereupon McNally prepared the complaint and the warrant. They were taken to the justice of the peace, the complaint being duly sworn to and filed, and the warrant then issued and executed. The complaint charged both the plaintiff and her son with being guilty of unlawfully disturbing the company's property. Upon the hearing before the justice the plaintiff was discharged, but it was proved that her son actually did unlawfully disturb the company's property.

At the close of the evidence each of the defendants separately, and they jointly, by counsel, moved for the direction of a verdict. The motion was denied and the cause submitted to the jury for a special verdict, resulting in the following findings: (1) Defendant *Epley* in procuring the warrant to be issued did not act without probable cause. (2) Before commencing the criminal prosecution he made a full, fair, and honest statement of all the material facts known to him bearing upon the question of plaintiff's guilt of the offense alleged against her to W. F. McNally for the purpose of procuring his legal advice thereon. (3) Said McNally honestly and in good faith advised *Epley* that upon the facts so stated to him plaintiff was guilty of the offense for which she was arrested. (4) *Epley* at the time he swore to the complaint did not have knowledge or information such as would lead a man of ordinary prudence and caution to believe plaintiff was guilty of the offense charged. (5) *Epley,* before he swore to the complaint, did not use the same prudence and caution an ordinarily prudent and cautious man would have exercised in ascertaining the facts concerning the commission of the crime charged. (6) He sincerely and in good faith believed when he swore to the complaint that plaintiff was guilty of the offense charged. (7) He swore to the complaint in good faith and without malice against the plaintiff. (8) Plaintiff suffered actual damages by reason of her arrest in the sum of $1,000. (9) We do not assess any exemplary damages to be recovered by plaintiff in case she is entitled to judgment.

The defendants moved for judgment on the verdict and plaintiff moved for an order setting the same aside and for a new trial. The former was denied and the latter granted upon the ground that the answers were inconsistent and that error was committed in the instructions; the error supposed to have been so committed not being specified. The defendants appeal.

*W. F. McNally,* for the appellants.

For the respondent there was a brief by *J. A. Frear* and *A. J. Kinney,* and oral argument by *Mr. Kinney.* They contended, *inter alia,* that if his statement of facts is made on information furnished by others, good faith may require that the person seeking advice should have made investigation as to the sources of his informant's knowledge and the grounds of his belief, and supplemented and verified such information by such further investigation as ordinary caution and prudence demand. *Blunk v. A., T. & S. F. R. Co.* 38 Fed. 311; *Galloway v. Stewart,* 49 Ind. 156; *Flora v. Russell,* 138 Ind. 153, 37 N. E. 593; *Ahrens & Ott Mfg. Co. v. Hoeher,* 106 Ky. 692, 51 S. W. 194; *Atchison, T. & S. F. R, Co. v. Brown,* 57 Kan. 785, 48 Pac. 31; *Anderson v. Columbia F. & T. Co.* (Ky.) 50 S. W. 40; *Hurlbut v. Boaz,* 4 Tex. Civ. App. 371, 23 S. W. 446. Where the defense of advice of counsel is interposed, and the good faith of the prosecutor is disputed, the question is for the jury, even though it is not very plain what the precise element of doubt is. *Connery v. Manning,* 163 Mass. 44, 39 N. E. 558. The court rightly submitted to the jury the question whether *Epley* believed the plaintiff guilty and whether such belief was properly founded. *Eggett v. Allen,* 119 Wis. 625; *Billingsley v. Maas,* 93 Wis. 176, 180; *Hutchinson v. Wenzel,* 155 Ind. 49, 56 N. E. 845. On the question of probable cause, it was for the jury to say whether *Epley* had made such inquiry and investigation as a reasonably prudent and cautious man would have made under the circumstances. *Boyd v. Mendenhall,* 53 Minn. 274, 55 N. W. 45; *Tabert v. Cooley,* 46 Minn. 366, 49 N. W. 124; *Stubbs v. Mulholland,* 168 Mo. 47, 67 S. W. 650, 659; *Blunk v. A., T. & S. F. R. Co.* 38 Fed. 311; *Bechel v. Pac. Exp. Co.* 65 Neb. 826, 91 N. W. 853.

MARSHALL, J. Whether there was probable cause in a case of this sort is solely a question of law for the court where the facts are undisputed. The province of the jury is to deal

with the controversy as to facts where there is a dispute in that respect, but such controversy being settled the ultimate question is for the court. *Stewart v. Sonneborn,* 98 U. S. 187.

Generally speaking, in order for a person to have probable cause to believe another guilty of a crime warranting institution of proceedings for his punishment, such person must have such knowledge or information as would lead an ordinarily prudent man to such belief, and it is ordinarily a question of fact for the jury under the circumstances of the given case as to whether there was such knowledge. But it is a settled rule of law that if a person takes the advice of reputable counsel in making the complaint, honestly believing the one charged to be guilty, he has probable cause as a matter of law for his action, or in other words his conduct is consistent with that of a man of ordinary prudence, if the advice of counsel is based upon a full, fair, and honest statement of all the facts and information within such person's knowledge.

In this case the court submitted to the jury by the first question whether defendant *Epley* was possessed of such knowledge and information as would produce an honest belief in the mind of an ordinarily prudent man that the respondent was guilty; the form of the question being such as to require the jury to find whether there was probable cause or not under the legal test suggested, and the answer was, in effect, in the affirmative, though by the form of the question the jury were compelled to express the finding in a negative form; the language of the question being: "Did the defendant *F. W. Epley,* in procuring the warrant in question to be issued, act without probable cause for so doing?"

The court instructed the jury that in order to warrant them in finding that *Epley* did not act without probable cause they must find that he had knowledge and information such as would have caused an ordinarily prudent person to believe the persons charged to be guilty. In the fourth and fifth ques-

tions the legal test given to enable the jury to properly answer the first interrogatory was embodied to be found as matter of fact. The result of thus doubly placing the subject before the jury was that they found probable cause in answer to the first question, and, in effect, want of probable cause later. Manifestly, if the fourth and fifth findings, embodying as aforesaid the instruction given as to the first question, have any materiality in the verdict, in view of the evidence and other findings, the court did right in setting it aside for inconsistency and granting a new trial.

We are unable to discover any difficulty in the verdict other than the one referred to, unless it be in that the jury found that *Epley* in swearing out the warrant acted in good faith under the advice of reputable counsel given after a full, fair, and honest statement to him of all the facts within his knowledge in respect to the transaction. There is no serious difficulty at that point if the findings on the subject covered all the matters essential in law to probable cause, and the fourth and fifth questions were erroneously submitted and answered upon the theory that notwithstanding such matters *Epley* might yet not have acted consistently with the conduct of an ordinarily prudent man.

It seems that findings 2, 3, 6, and 7 are in accordance with the undisputed evidence. As indicated in the statement, the evidence is substantially uncontroverted that *Epley* stated all the facts within his knowledge with the source of his information to a reputable lawyer of large experience, whom he had every reason to believe would advise him properly, and that he made such statement for the purpose of having respondent and her son dealt with according to law; that he was advised by such attorney after such statement to do as he did, and that he followed such advice sincerely and honestly believing the respondent to be guilty as charged. We see nothing in the record to indicate but what the court might well have found those facts without the aid of the jury.

The theory of counsel for respondent is that the findings referred to are not sufficient as matter of law to show probable cause, in that a full, fair, and honest statement to reputable counsel of all the facts and information within *Epley's* knowledge was not sufficient unless grounded on such an investigation as to satisfy the standard of ordinary prudence under the circumstances; the advice of counsel not being the test. On that matter it is conceded, as the fact is, that there is considerable confusion in judicial expressions, some holding that the advice of counsel covers the subject of whether the statement is based upon adequate knowledge and information as well as the subject of whether upon the facts and information disclosed a cause of action probably exists, and others holding to the contrary. It does not seem advisable to review the numerous adjudications that can be found bearing on the matter and endeavor to reconcile them, or to demonstrate which side of the conflict is supported by the weight of authority, since this court has spoken plainly in respect to the matter, laying down the rule regarded upon careful consideration to be the sound one.

It is stated in the text-books that an ordinarily prudent man is expected to take the advice of a person learned in the law and a reputable member of the profession before instituting a criminal prosecution, and if he does so, placing all the facts before his counsel, and acts honestly upon his opinion, such facts constitute probable cause as a matter of law. Cooley, Torts (2d ed.) 212. That was adopted here in *Sutton v. McConnell,* 46 Wis. 269, 50 N. W. 414, and affirmed in *Billingsley v. Maas,* 93 Wis. 176, 181, 67 N. W. 49. That is the doctrine of the federal supreme court. *Stewart v. Sonneborn,* 98 U. S. 187.

The term "full and fair statement of all the facts" does not mean all the facts discoverable, but all the facts within the knowledge of the person making the statement. If he knows facts enough, either personally or by credible information,

which, when fairly and fully stated to reputable counsel for the purpose of obtaining legal guidance, results in advice which is honestly followed in commencing the criminal proceedings, that is sufficient. That was distinctly recognized in the most recent decision of this court on the subject, *Brinsley v. Schulz,* 124 Wis. 426, 102 N. W. 918. There it was said:

"One of the most efficient ways of negativing a *prima facie* showing in that regard and establishing affirmatively probable cause is to prove that the prosecution was commenced under the advice of counsel, . . . after a full statement to him of all the facts known to the defendant. It makes no difference in such a case whether the facts supposed to exist do so or not; if there is an honest belief in such existence and the supposed facts are fully and fairly stated to counsel to obtain proper guidance in the matter, and upon his advice as to the sufficiency of the same the prosecution is in good faith commenced, that is enough. Such circumstances when fully established show, as a matter of law, absence of malice and presence of probable cause, precluding any liability for malicious prosecution."

That is laid down as elementary in 19 Am. & Eng. Ency. of Law (2d ed.) at page 661, in these words, supported by numerous authorities:

"The rule is undoubted that it is not necessary, in order to constitute probable cause for a prosecution, that the party instituting it should have acted on his own personal knowledge of the facts. If the prosecutor has acted in good faith, upon credible information received from reliable sources, he will not be liable."

In harmony with that this court in *Messman v. Ihlenfeldt,* 89 Wis. 585, 62 N. W. 522, said, substantially, if the prosecutor fairly imparted to counsel all the knowledge of the facts he possessed, and honestly followed such counsel's advice, then such advice is a complete defense. It stands for probable cause because it shows that he acted honestly. Whether there was in any given case a full and fair state-

ment of all the prosecutor's knowledge to reputable counsel, if the matter be disputed, is for the jury, but the facts appearing uncontroverted, or found by the jury, the legal result follows as a matter of course.

The real basis for the doctrine that the advice of counsel under the circumstances stated stands for probable cause is that it covers the subject of whether the statement made is sufficient without further investigation as to the facts. Counsel is supposed to pass upon that question, and his advice honestly given and honestly acted upon to preclude any successful claims of negligence or imprudence on the part of the prosecutor as held in the cases cited to our attention by the learned counsel for appellant and others. *Johnson v. Miller,* 69 Iowa, 562, 29 N. W. 743; *Dunlap v. New Zealand F. & M. Ins. Co.* 109 Cal. 365, 42 Pac. 29; *Holliday v. Holliday,* 123 Cal. 26, 55 Pac. 703; *Gillispie v. Stafford,* 96 N. W. 1039, 4 Neb. (Unof.) 873; *Hess v. Oregon B. Co.* 31 Oreg. 503, 49 Pac. 803.

The conflict as to whether the statement to counsel of facts known to the prosecutor, either personally or by credible information, is sufficient in order that he may be shielded from liability if he honestly follows counsel's advice, is recognized with citations of authority on both sides of the controversy in 19 Am. & Eng. Ency. of Law (2d ed.) 688, where it is said:

"A number of cases hold that a failure to make a full disclosure of all material facts will render the defense of advice by counsel inoperative unless the defendant shows that not only were all known facts communicated, but also all such as reasonable diligence in making inquiries would have discovered. Other authorities, however, declare that it is not necessary that diligence in making inquiries should be shown, provided facts within defendant's knowledge, or in the existence of which he had reasonable ground to believe, were communicated to counsel in good faith."

As we have seen, our court, contrary to the contention of counsel for respondent, is committed to the doctrine last stated.

It follows necessarily, not only from the undisputed evidence but from the verdict, that defendants were entitled to judgment. It was not proper for the jury to say that the advice of counsel, under the circumstances proved and found, was not sufficient to warrant *Epley* as a man of ordinary prudence in commencing the prosecution of respondent, because as a matter of law the contrary is the fact.

What has been said renders it unnecessary to discuss any other questions than those referred to. Defendants were entitled to judgment. The jury evidently did not intend to find anything inconsistent with the second, third, and sixth findings. They were misled by the way the case was submitted into the belief that such findings did not necessarily make out a course of action consistent with ordinary prudence.

*By the Court.*—The order is reversed, and the cause remanded for further proceedings in accordance with this opinion.

TIMLIN, J., dissents.