ROGERS, Respondent, vs. VAN EPS, Appellant.

*September 15—October 4, 1910.*

*Malicious prosecution: Advice of counsel: Malice: Evidence: Sale of mortgaged chattels: Consent of mortgagor.*

1. One who institutes a criminal prosecution upon the advice of counsel is bound to state to such counsel fully and fairly all the material facts within his knowledge relating to the offense.

2. Evidence that such full and fair statement was not made to the counsel upon whose advice the prosecution was begun, and that there was not probable cause to believe the accused guilty, is evidence of malice.

3. In an action for malicious prosecution on the charge of selling mortgaged chattels, if it be shown that defendant, the mortgagee, consented to the sale, it is not error prejudicial to him to exclude a question, asked of the plaintiff, as to what she did with the chattels after such consent.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This action was brought to recover damages for malicious prosecution. The complaint charges the making of a criminal complaint and malicious prosecution of the action, trial, and termination of it favorably to respondent before the commencement of the present action. The answer denies specifically all the material allegations of the complaint and avers good faith on the part of the appellant in the criminal prosecution on the advice of counsel after full and fair statement of the facts to him. The jury returned a general verdict in favor of the respondent for $2,000 compensatory and $200 punitory damages. Motions were made to set the verdict aside and for a new trial and for judgment notwithstanding the verdict, which motions were denied and judgment entered for the respondent, from which this appeal was taken.

*Francis J. Rooney,* for the appellant.

For the respondent the cause was submitted on the brief of *D. G. Classon.*

KERWIN, J. The case was submitted to the jury on a general verdict, and no exception is taken to the charge. The assignment of errors practically raises but two questions: (1) Whether prejudicial error was committed in the exclusion of evidence; and (2) Whether the evidence supports the verdict.

The plaintiff was prosecuted on complaint of defendant for selling property covered by a chattel mortgage given by her to defendant. The prosecution resulted in acquittal of plaintiff, and the main question litigated was whether defendant fully and fairly stated the case to the district attorney who conducted the prosecution. The law is well settled to the effect that, where one institutes a criminal prosecution upon the advice of counsel, he is bound to fully and fairly state the facts to counsel which constitute the alleged criminal charge.

The criminal prosecution was based upon sec. 4467, Stats. (1898), which provides:

"Any person having conveyed any personal property by mortgage, who shall, during the existence of the lien or title created by such mortgage, sell, transfer, conceal, remove or carry or drive away said property or any part thereof, or cause the same to be done, without the consent of the mortgagee or his assigns and with the intent to defraud, shall be punished . . ."

There is ample evidence to warrant the jury in finding that the property sold by plaintiff and covered by the mortgage was sold with the consent of defendant, and that this fact was not stated or made known to the district attorney by defendant. This question was fairly submitted to the jury. The court told the jury in effect that if they found that defendant, before instituting the criminal proceedings against plaintiff, consulted the district attorney and gave him a full, fair, and truthful statement of all the facts and circumstances relating to the alleged offense which were known to him and then acted upon the advice of the district attorney, their verdict should be for the defendant.

The appellant makes the point that there was not sufficient proof of malice. We cannot agree with counsel in this contention. The fact that there was evidence to the effect that a full and fair statement had not been made to the district attorney and that there was not probable cause to believe the plaintiff guilty, was evidence of malice. There is also other evidence in the record from which the jury would be justified in inferring malice. The questions in the case were fairly jury questions upon disputed facts. The jury resolved such questions adversely to appellant and the verdict is supported by the evidence.

Error is assigned upon the ruling of the court sustaining objection to a question put to plaintiff as to what she did with cattle taken with her to Newald. The main question liti-

;gated on the trial was whether the property covered by the
mortgage was sold without the consent of defendant, and
there is evidence that the defendant assented to the sale of all
articles covered by the mortgage and sold by plaintiff.   What
became of the cattle after defendant consented to the sale of
them was immaterial.   Moreover the question was answered
later by the respondent and a full explanation made by her.
We think no prejudicial error was committed.

By the Court.—The judgment of the court below is af-
firmed.