PETERS, Appellant, vs. HALL, Respondent.

*March 4—March 31, 1953.*

For the appellant there was a brief by *Fisher & Fisher* of Janesville, and oral argument by *Cleland P. Fisher*.

For the respondent there was a brief by *Thronson, Roethe & Agnew* of Janesville, and oral argument by *John Roethe* and *Ernest P. Agnew*.

BROADFOOT, J. Plaintiff contends that the jury's answers to questions 1 and 2 in the special verdict are contrary to all of the evidence; that the award of damages is so inadequate as to show perversity and prejudice on the part of the jury; and that a new trial should be awarded in the interests of justice because of erroneous instructions by the court.

It is apparent from the record that the case was not properly submitted to the jury. It is clear from the record before us that the defendant initiated the proceeding by signing the complaint for a criminal warrant. It was unnecessary to submit question 1 to the jury.

In the ordinary case of malicious prosecution, of which *Elmer v. Chicago & N. W. R. Co.* 257 Wis. 228, 43 N. W. (2d) 244, is typical, malice is an essential element that must be proved by the plaintiff. However, the case before us is of a somewhat different type. In this case it is claimed that the prosecution was instituted for the purpose of collecting a debt. The rule as to malice in this type of case is stated in *Eggett v. Allen*, 119 Wis. 625, 96 N. W. 803. In that case the court said (p. 630):

"If the criminal law be set in motion for the purpose of collecting a debt or compelling the delivery of property, or to accomplish some other ulterior and unlawful purpose, then it is begun maliciously as much as though inspired by hatred

or revenge. Whether the prosecution in a given case be malicious or not is a mixed question of fact and law. The jury are to determine the question of fact, namely, whether it was begun for a vindictive, ulterior, or unlawful purpose, and when they decide that question in the affirmative the law steps in and says that in that case there was legal malice, and if the jury also find lack of probable cause the law then says that the cause of action is complete."

In this case, instead of the usual malice question, inquiry should have been made of the jury as to whether the proceeding was begun for the purpose of collecting a debt.

Want of probable cause for the institution of a criminal prosecution is essential to successfully maintain an action for malicious prosecution. The elements thereof and the manner of submission are covered in the following cases: *Eggett v. Allen, supra; King v. Apple River Power Co.* 131 Wis. 575, 111 N. W. 668; *De Vries v. Dye,* 222 Wis. 501, 269 N. W. 270. A usual defense thereto is that the defendant acted in good faith in reliance on the advice of counsel. To be available as a defense this court has stated that there must be a full and fair disclosure of the facts. Other language used has been "an honest and full statement of the facts known;" "fully and fairly stated the material facts;" and "full, fair, and honest statement." *Palmer v. Broder,* 78 Wis. 483, 47 N. W. 744; *Haas v. Powers,* 130 Wis. 406, 110 N. W. 205; *Rogers v. Van Eps,* 143 Wis. 396, 127 N. W. 1006; *Buckley v. Brooks,* 217 Wis. 287, 258 N. W. 614.

The instructions in this case were based upon the ordinary case of malicious prosecution and are not all applicable to a case where criminal proceedings are instituted for the collection of a debt.

For the above reasons the case is being returned for a new trial under the provisions of sec. 251.09, Stats.

*By the Court.*—Judgment reversed and cause remanded for a new trial.